In re FABRIC BUYS OF JERICHO, INC., F/K/A Jules Moskowitz Co., Inc., Debtor.

Sanders GROPPER, Trustee of Fabric Buys of Jericho, Inc., F/K/A Jules Moskowitz Co., Inc., Plaintiff,

v.

UNITRAC, S.A. and Hopgood, Calimafde, Kalil, Blaustein & Lieberman, a partnership, Defendants.

Bankruptcy No. 81 B 10790.
Adv. No. 82–5940–A.

United States Bankruptcy Court,
S.D. New York.

Sept. 28, 1983.

[black redaction bars]

Bertram Goldstein, New York City, for trustee.

Otterbourg, Steindler, Houston & Rosen, New York City, for Unitrac S.A.

Hopgood, Calimafde, Kalil, Blaustein & Judlowe, New York City, for the Hopgood Firm.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

The trustee ("Trustee") for the debtor, Fabric Buys of Jericho, Inc. ("Fabric Buys"), instituted an adversary proceeding against Unitrac, S.A. and Unitrac's attorney, the law firm of Hopgood, Calimafde, Kalil, Blaustein & Lieberman, ("Hopgood firm"). The Hopgood firm had received payment from Fabric Buys to settle a dispute and then transferred the funds to Unitrac, its client. By a motion for summary judgment, the Trustee alleges that the payment was preferential and seeks to recover the preference from the Hopgood firm, asserting that the Hopgood firm is liable pursuant to Bankruptcy Reform Act of 1978 ("Code") section 550(a)(1) as the "initial transferee" of a preferential payment. The Hopgood firm cross-moves for summary judgment relieving it of liability. After a hearing and upon review of the papers submitted and the applicable law, the Court holds that the Hopgood firm is not an "initial transferee" and, therefore, is not liable for the allegedly preferential payment made to Unitrac.

*Background*

The facts are undisputed. In 1980, Unitrac, by the Hopgood firm, instituted an action against Fabric Buys seeking payment for goods sold and delivered. That civil action was settled by payment of $37,000.00 from Fabric Buys to Unitrac, by a check dated January 27, 1981. The check was made payable to Unitrac and to Arthur M. Lieberman, a member of the Hopgood firm. The check was deposited on January 30, 1981, in an escrow account maintained by the Hopgood firm for its clients and separate from the firm's working accounts. On February 11, 1981, a $37,000.00 check was drawn on the escrow account, made payable to Unitrac and later cashed by Unitrac. The Chapter 11 petition was filed on April 10, 1981.

The Trustee instituted this adversary proceeding against Unitrac and the Hopgood firm to recover the $37,000.00 payment, alleging that the payment was preferential. 11 U.S.C. § 547. As a second cause of action, the Trustee sought recovery of the $37,000.00 from the Hopgood firm, alleging that, as initial transferee, the Hopgood firm was liable under Code section 550(a)(1). Of course, the Trustee is limited to a single satisfaction of the alleged preference. 11 U.S.C. § 550(c).

*Issue*

If an attorney received a settlement payment on behalf of his client, is that attorney an "initial transferee" within the meaning of Code section 550(a)(1) and thus liable if payment is preferential?

*Discussion*

Code section 550(a)(1) provides that the trustee may recover an avoided transfer from "the initial transferee of such transfer or the entity for whose benefit such transfer was made...."

The Trustee relies on a literal reading of the statutory language and reasons that the Hopgood firm, as the initial recipient of an allegedly preferential transfer, is liable as the "initial transferee."

The Hopgood firm argues that an initial transferee must receive a transfer that is preferential as to that initial transferee. Hopgood asserts that it was never a creditor of Fabric Buys and therefore a preference against it does not lie because the transfer was not made "to or for the benefit of a creditor." 11 U.S.C. § 547(b)(1). Hopgood states that section 550 was not intended to expand the right to recover preferences; if a preference is not recoverable under section 547, it is not recoverable

under section 550. *In re Cove Patio Corp.,* 19 B.R. 843, 844 (Bkrtcy.S.D.Fla.1982).

In *Cove Patio* the trustee sought to avoid a transfer to a non-insider made more than 90 days prior to the filing of the bankruptcy petition. The Trustee alleged that the transfer's beneficiary was an insider (transfers to insiders may be avoided up to a year prior to filing; see 11 U.S.C. § 547(b)(4)(B) and thus, the non-insider, initial recipient was liable as an "initial transferee" of an avoidable transfer. Under section 550(a)(1) the *Cove Patio* Court dismissed the complaint as to the initial recipient, stating that the initial recipient was a "good faith transferee" and that:

> Section 550(a)(1) was not intended to expand the trustee's right to recover preferences as provided in § 547, but was intended only to facilitate his recovery of transfers avoidable under § 547 regardless of whether the transfer was effected through a number of parties or effected indirectly for the benefit of the party who actually benefited from preference.

19 B.R. at 844.

*Cove Patio* prohibits an extension of the time in which a transfer may be avoided.[1] *See also In re Church Buildings and Interiors, Inc.,* 14 B.R. 128, 131 (Bkrtcy.W.D.Okl. 1981). The Hopgood firm argues that *Cove Patio* requires that all the elements of a preference must be made out against the initial transferee. *See* 11 U.S.C. § 547(b) (transfer to or on behalf of a creditor; for an antecedent debt; debtor insolvent; within 90 days; enable recovery greater than accorded like creditors in bankruptcy). The Hopgood firm argues that it was not a creditor of Fabric Buys; therefore, a preference does not lie against it.

The Trustee responds that Code section 550 "enunciates the separation between the concepts of avoiding a transfer and recovering from the transferee." Report of the

Committee on the Judiciary, *Bankruptcy Law Revision,* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 375 (1977) ("House Report"), Report of the Committee on the Judiciary, *Bankruptcy Reform,* S.Rep. No. 95–989, 95th Cong., 2d Sess. 90 (1978) ("Senate Report"), U.S.Code Cong. & Admin. News 1978, pp. 5876, 6331. According to the Trustee, once the elements of an avoidable transfer are established against any transferee, the initial transferee may be liable, even if the elements of an avoidable transfer are not made out against that initial transferee.

Indeed, the Court notes that if *Cove Patio* is read to require every element of a preference be made out against an initial transferee, then section 550(a)(1) may be superfluous because a trustee could sue under section 547. Section 550 is designed to facilitate the recovery of avoidable transfers, not create additional obstacles to their recovery. *See* 4 *Collier on Bankruptcy* ¶ 550.-02, at 550–6 n. 8 (15th ed. 1983) (the trustee may recover from any combination of initial and secondary transferees).

However, this Court need not determine whether all the elements of a preference must be established against an initial transferee; nor need the Court provide the Trustee an opportunity to establish such elements against the Hopgood firm. The Court holds that the Hopgood firm is not an initial transferee within the meaning of Code section 550(a)(1).

Section 550 provides the Trustee with greater flexibility to recover preferences when the actual transferee of its assets may have disappeared at the direction of another entity. 4 *Collier on Bankruptcy* ¶ 550.02, at 550–6 to 550–7 (15th ed. 1983). By passing section 550, Congress hoped to preclude multiple transfers or convoluted business transactions from frustrating the recovery of avoidable transfers. Such recovery prob-

---

1. The *Cove Patio* Court also portrayed the initial recipient of the transfer as a "good faith" transferee. 19 B.R. at 844. However, such characterization appears irrelevant because the good faith defense under section 550(b) is not available to the initial transferee of 550(a)(1). Report of the Committee on the Judiciary,

*Bankruptcy Law Revision,* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 376 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787; Report of the Committee on the Judiciary, *Bankruptcy Reform,* S.Rep. No. 95–989, 95th Cong., 2d Sess. 90 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

lems existed under the former Bankruptcy Act of 1898. *See* 4 *Collier on Bankruptcy* ¶ 67.41[8] (14th ed. 1982) (e.g., problems *re* transfers among family owned operations or corporations with single shareholders).

Such considerations are not applicable to this case. The Hopgood firm acted as a mere conduit of funds from Fabric Buys to Unitrac. As one commentator states, an initial transferee is one who deals directly with the debtor. 4 *Collier on Bankruptcy* ¶ 550.01, at 550–3 (15th ed. 1983). Here Unitrac had the direct business dealings with Fabric Buys that gave rise to the debt, subsequent suit, and the allegedly preferential payment. That such amount was funneled through the escrow account does not make Unitrac's lawyer an initial transferee.

Even if the Hopgood firm were deemed an initial transferee, the circumstances of this case, as stated above, would permit this Court to exercise its equitable discretion and prevent the Trustee from recovering a preference from the Hopgood firm. As one commentator has stated:

> In some circumstances, a literal application of section 550(a) would permit the Trustee to recover from a party who is innocent of wrongdoing and deserves protection. In such circumstances the bankruptcy court should exercise its discretion to use its equitable powers under section 105(a) and 28 U.S.C. § 1481 to prevent an inequitable result. For example, if property is transferred to a good faith surety or endorser as consideration incidental to the guarantee of an antecedent debt of a creditor, and the surety subsequently pays the creditors, the property or its value should be recovered from the creditor for whose benefit the transfer was made rather than from the surety or endorser to whom the transfer was made.

4 *Collier on Bankruptcy* ¶ 550.02, at 550–7 (15th ed. 1983).

Here, Hopgood acted as the agent of Unitrac, a mere conduit of funds from Fabric Buys to Unitrac, such funds passing through an escrow account maintained by the Hopgood firm for client monies alone. Unitrac received the benefit of the payment; the Hopgood firm should not be the subject of recovery efforts by the Trustee.

*Conclusion*

The Trustee's summary judgment motion is denied and the Hopgood firm's cross-motion for summary judgment holding the Hopgood firm free from liability for the allegedly preferential payment is granted.

It is so ordered.