In re COLOMBIAN COFFEE CO., INC., Debtor.

Lawrence R. METSCH, as Trustee for the Estate of Colombian Coffee Co., Inc., Plaintiff,

v.

CITY NATIONAL BANK OF MIAMI, Defendant.

Bankruptcy No. 83–00904–BKC–TCB.
Adv. No. 86–0247–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

May 21, 1986.

Lawrence R. Metsch and Lydia A. Fernandez, Hauser and Metsch, P.A., Miami, Fla., for plaintiff.

Michael R. Josephs, Coral Gables, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

This chapter 11 trustee seeks $1.6 million from a Miami bank as a fraudulent transfer under 11 U.S.C. § 548(a) made to it as the "initial transferee" or an "immediate or mediate transferee of such initial transferee" within the scope of § 550(a). The bank has answered and the matter was tried on May 8. I conclude that the trustee is entitled to no relief from the bank.

There is no conflict in the testimony nor any dispute as to any operative event.

On February 25, 1983, a Friday, at this debtor's request, $1.6 million of this debtor's funds on deposit in the Capital Bank of Miami were transferred by cashier's check payable to the defendant bank. The defendant bank almost immediately returned the cashier's check with a request that Capital Bank transmit the $1.6 million by wire transfer to the Federal Reserve Bank for defendant's account. Capital complied and the wire transfer was effected on Monday, February 28. This debtor was then insolvent. It did not receive any value for the transfer. It filed its voluntary petition for bankruptcy less than three months later on May 8, 1983.

On the same Friday and Monday, the defendant bank paid a $2 million debt owed by a third party, General Coffee Corporation, to a Panamanian bank. I infer from the evidence before me and find that this concurrent $2 million payment was made with the $1.6 million received from this debtor and $400,000 received by defendant that Monday by cashier's check from another bank, which did not involve any funds of this debtor.

There are gaps in the audit trail available today from defendant's records due to the

routine destruction of certain documents during the intervening three years, but I infer and find that the transfer of this debtor's funds through defendant toward the satisfaction of a debt owed by the third party, General Coffee Corporation, was requested, authorized and directed by one or more persons who then had full authority to act for this debtor. In making this inference, I take judicial notice of the court records before me in this bankruptcy case and in the companion bankruptcy case of General Coffee Corporation which reflect the fact that both corporations were then under the domination and control of the same individual who also then dominated and controlled the defendant bank. That individual's controlling interest in the defendant has since been sold to others under this court's supervision. The defendant neither received nor retained any benefit from the $1.6 million transfer which is in question here other than its nominal banking charges.

Under § 548(a), the trustee must prove and has proved the "transfer of an interest of the debtor" within a year before bankruptcy. He must also prove that the transfers were either made with "actual intent to hinder, delay, or defraud" under § 548(a)(1) or that they constituted constructive fraud under § 548(a)(2). He has alleged both.

There is no evidence in this record of actual intent on this debtor's part to hinder, delay or defraud any creditor. However, the trustee has proved the elements of constructive fraud under § 548(a)(2) with respect to this transfer.

The trustee makes no effort to recover from General Coffee Corporation, the beneficiary of the transfer because General is also in bankruptcy and is insolvent. Instead, the trustee pursues the defendant bank under § 550(a), which provides that:
> ... to the extent that a transfer is avoided ... the trustee may recover ... the property transferred, or, if the court so orders, the value of such property, from (1) the *initial transferee* of such transfer or the entity for whose benefit such transfer was made; or (2) *any immedi-*

*ate or mediate transferee* of such initial transferee." (Emphasis supplied).

■ I agree with defendant that it was not a "transferee" for the purposes of § 550(a). It merely served as a commercial conduit employed by the transferor in moving its property to another corporation. Its role in this transfer was indistinguishable from that of the defendant Alabama bank in *Metsch v. First Alabama Bank of Mobile (Colombian Coffee Co., Inc.)* 59 B.R. 643 (Bkrtcy.S.D.Fla.1986). What was said in that decision by this court is equally applicable here and need not be repeated.

■ In that decision, this court held alternatively that even if defendant had been a transferee for the purposes of § 550(a), this court should exercise its equitable discretion to prevent the trustee from recovering a windfall from an innocent party. Here again, the circumstances present in this case are indistinguishable from those in the prior case and they prompt the same conclusion here.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing this complaint with prejudice. Costs may be taxed on motion.