**In re JET FLORIDA SYSTEM, INC., f/k/a Air Florida System, Inc., Debtor.**

**In re AIRPORT SYSTEMS, INC., f/k/a Air Florida, Inc., Debtor.**

**JET FLORIDA, INC., Plaintiff,**

**v.**

**AIRLINES CLEARING HOUSE, INC., Defendant.**

**Bankruptcy No. 84–01223–BKC–SMW. Adv. No. 86–0699–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Jan. 9, 1987.

John K. Olson, AMF, Miami, Fla., for plaintiff.

Robert E. Venney, Shutts & Bowen, Miami, Fla., for defendant.

## SUMMARY JUDGMENT

SIDNEY M. WEAVER, Bankruptcy Judge.

This adversary proceeding came on for hearing on December 16, 1986. The parties made statements of Counsel and identified the various exhibits which they intended to offer in evidence.[1] Based on the presentation of Counsel for the Plaintiff and the Defendant, and consideration of exhibits deemed by the parties to be relevant, the Court is of the opinion that there is no genuine issue of material fact and that the Defendant is entitled to a Judgment as a matter of law.

The Plaintiff's claim is that certain payments made in May and June of 1984 pursuant to settlements effected through the Airlines Clearing House constituted preferential payments recoverable from the Clearing House under 11 U.S.C. §§ 547 and 550(a)(1).

The Defendant, Airlines Clearing House, is an organization that facilitates the interline settlement of accounts between air carriers. The settlement of accounts procedure is governed by a settlement agreement under which each participating carrier, as a Member or Associate Member of the Clearing House, appoints the Clearing House as its agent for purposes of settling and reconciling its accounts with other participating carriers. This procedure is governed by the terms of Exhibits 1 and 2 that were offered at the time of trial by the Plaintiff. The effect of the settlement agreement is to make the Clearing House the agent for each participating carrier in the settlement of its accounts. In May and June, 1984, Jet Florida, then known as Air Florida, was an Associate Member of the Clearing House.

The funds necessary to meet the obligations of one carrier to another are paid through a clearing bank that has been selected to settle the accounts; funds are deposited in bank accounts maintained at the clearing bank by the participating carriers.

The funds paid to settle the accounts of Air Florida, did not inure to the benefit of the Clearing House. The Clearing House is a not-for-profit corporation which has no right to enforce payment by participating carriers. If a carrier does not meet its settlement obligations, the only recourse available to the Clearing House is to suspend the carrier, in accordance with Clearing House rules.

Based on these relationships, the Clearing House is not an initial transferee under 11 U.S.C. § 550, and the Clearing House is not liable for payments made by a debtor carrier to satisfy its obligations to other carriers in a particular settlement. The Clearing House is merely a mutual agent employed by the carriers to effectuate the settlement process. Any request for payment submitted by the Clearing House to an air carrier, such as Air Florida, is such advice of that carrier's indebtedness to other carriers, not to the Clearing House.

1. Plaintiff's Exhibits: (1) Agreement Relating to the Settlement of Interline Accounts through Airlines Clearing House, Inc. dated February 1, 1948; (2) Agreement Establishing Associate Membership in the Airlines Clearing House, Inc. for the Settlement of Interline Accounts, Revised September, 1980; (3) Manual of Procedures Settlement Regulations dated 12/1/83; (4) Agreement of May 31, 1984 between Air Florida, Inc. and Airlines Clearing House, Inc.; (5) Airlines Clearing House, Inc. Letter to Margarita Cordo of Air Florida, Inc. dated June 1, 1984; (6) Payments of Air Florida, Inc. to Airlines Clearing House, Inc. made May 31, 1984 and June 26, 1984; (7) Preferential Transfer Records by Jet Florida, Inc. from subsequent transferees; (8) Letter of Airlines Clearing House, Inc. dated May 17, 1984 to Robert P. Silverberg of Air Florida, Inc. Defendant's Exhibits: (a) Certificate of Incorporation of Airlines Clearing House, Inc.; (b) Airlines Clearing House, Inc. Balance Sheet, December 31, 1985 and December 31, 1984.

Accordingly, the function of the Clearing House is that of a "mere conduit," a function similar to that performed by the law firm *In re: Fabric Buys of Jericho, Inc.*, 33 B.R. 334 (Bankr.S.D.N.Y.1983), or the function performed by the collecting bank in *In re Colombian Coffee Co. Inc.*, 59 B.R. 643, CCH Bankr.L.Rep. P 71,121 (Bankr.S.D.Fla.1986).

Summary Judgment is entered against the Plaintiff and for the Defendant, and the Complaint is dismissed with prejudice.