**In re MILL STREET, INC., a California corporation, dba Mill Street Building Supply, Debtor.**

**MILL STREET, INC., Plaintiff,**

**v.**

**COMMERCIAL RECOVERY, INC., Defendant.**

**Bankruptcy No. I–86–01099.
Adv. No. I–86–0217.**

United States Bankruptcy Court, N.D. California.

March 24, 1987.

Auerbach & Dauphin, Inc., San Francisco, Cal., for defendant.

Michael C. Fallon and Ray H. Olmstead, Santa Rosa, Cal., for plaintiff.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

ALAN JAROSLOVSKY, Bankruptcy Judge.

The facts in this matter are undisputed. Defendant COMMERCIAL RECOVERY, INC. ("CRI") is a licensed collection agency. On November 5, 1985, U.S. Plywood ("Plywood") assigned to CRI for collection its claim against the debtor. CRI proceeded to obtain a judgment and, on or about July 10, 1986, received $5,317.66 collected by execution upon the debtor's bank account. The debtor filed its Chapter 11 petition on July 10, 1986. On July 14, 1986, CRI remitted the seized funds to Plywood. The debtor subsequently brought this action against CRI to recover the preference. CRI seeks summary judgment on the grounds that it was at all times an "agent," and not a "transferee."

Section 550(a) provides that if a transfer is avoided as a preference the estate may recover the transferred property or its value from the initial transferee or the entity for whose benefit the transfer was made. The debtor argues that this section gives it the right to seek recovery from either CRI or Plywood, and a literal reading of the statute supports this position. CRI argues that it was never actually a transferee at all, merely the agent of Plywood. CRI relies on the passage at 4 *Collier on Bankruptcy* (15th ed.), para. 547.17, that "an agent who has received preferential payment and settles with his principal prior to the debtor's bankruptcy is not liable...."

The court finds defendant's position to be without merit for several reasons. First, CRI still had possession of the funds when the bankruptcy was filed. Second, CRI was more than a mere "agent;" it sued in its own name, and the debtor could not have satisfied the debt by paying Plywood after notification of the assignment to CRI. Third, under California law an assignee for collection purposes becomes the legal owner of the cause of action, entitled to sue in its own name. *Hammell v. Superior Court* (1932) 217 Cal. 5, 17 P.2d 101. The assignor retains only an equitable interest in the assigned account. *National Reserve Co. of America v. Metropolitan Trust Co. of California* (1941) 17 Cal.2d 827, 831, 112 P.2d 598.

The closest reported case appears to be *In re Bagwell* (BC D.Ore.1983) 29 B.R. 461, 466, in which the court held that a bank which recovered preferences under an assignment for security was liable as an initial transferee under section 550(a). Both of the cases cited by CRI as supporting its position can be easily distinguished in that in neither case was the initial transferee the *legal owner* of the claim against the debtor. In *In re Fabric Buys of Jericho, Inc.* (BC S.D.N.Y.1983) 33 B.R. 334, the transferee was the creditor's law firm, which accepted the funds and deposited them in its trust account. In *In re Columbian Coffee Co., Inc.* (BC S.D.Fla.1986) 64 B.R. 585, the transferee was a bank which merely shifted funds from one account to another.

Not only has CRI demonstrated no valid reason for deviating from the plain meaning of the Bankruptcy Code, but sound policy dictates that CRI and similar businesses not be insulated from preference actions. The principal purpose of section 550(a) is to give the debtor's estate flexibility so that creditors cannot play "hide the ball" and thereby frustrate a valid preference action. 4 *Collier on Bankruptcy* (15th ed.), p. 550–7. This policy is hardly furthered if the debtor is precluded from recovery from the entity which sued him in its own name, collected from him, and is the only entity the debtor has had contact with regarding the debt since collection efforts began. Further, it is easily foreseeable that in a great many involuntary collection situations a bankruptcy petition will be filed before the preference period has run. Such matters can easily be dealt with contractually between the assignor and the assignee so that the assignee is protected from or indemnified against preference actions.

The motion for summary judgment is denied. A further status conference on this matter shall be held on April 20, 1987, at 2:00 P.M.