In re MILL STREET, INC., Debtor.

COMMERCIAL RECOVERY,
INC., Appellant,

v.

MILL STREET, INC., Appellee.

BAP No. NC–87–1974–PVR.
Bankruptcy No. 1–86–01099.
Adv. No. 1–86–0217.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Nov. 17, 1988.

Decided Jan. 31, 1989.

Harold B. Auerbach, Auerbach & Dauphin, Inc., San Francisco, Cal., for appellant.

Michael C. Fallon, Santa Rosa, Cal., for appellee.

Before PERRIS, VOLINN and RUSSELL, Bankruptcy Judges.

## OPINION

PERRIS, Bankruptcy Judge:

The debtor-in-possession/appellee, Mill Street, Inc. ("debtor" or "Mill Street") brought an adversary proceeding to recover a preferential transfer from defendant/appellant, Commercial Recovery, Inc. ("CRI"), a collection agency that had collected a debt owed by debtor to U.S. Plywood ("Plywood"). On debtor's motion for summary judgment, the bankruptcy court determined that debtor could recover from CRI the amount that CRI had retained as its fee. We affirm.

## FACTS

CRI is a licensed collection agency. On November 5, 1985, Plywood assigned it claim against Mill Street to CRI for collection. CRI obtained a judgment in state court against Mill Street on May 20, 1986 for $7,285.58. On or about July 10, 1986, CRI collected $5,317.66 as a result of executing on Mill Street's bank account. Mill Street filed its Chapter 11 petition on July 10, 1986. On July 14, 1986, CRI remitted to Plywood the $5,317.66 collected, less CRI's fees of $1,595.29.

Debtor filed an adversary proceeding against CRI to recover the $5,317.66 as a preference. Debtor later added Plywood as a defendant. CRI filed a motion for summary judgment on the ground that it was merely the conduit of the funds collected and not a transferee from whom recovery could be had. The bankruptcy court denied CRI's motion. *See In re Mill Street, Inc.*, 71 B.R. 670 (Bankr. N.D.Cal. 1987).[1] While debtor's subsequent motion for summary judgment was pending, Plywood paid debtor the $3,722.37 it had received from CRI. On September 13, 1987, the bankruptcy court granted summary judgment against CRI for the $1,595.29 it

1. The Panel denied CRI's motion for leave to appeal this decision.

had retained. CRI filed a timely notice of appeal.

## ISSUE

Whether a collection agency that received a preferential transfer is a transferee from whom the preference can be recovered to the extent of amounts retained as its fee.

## STANDARD OF REVIEW

A determination on a motion for summary judgment is reviewed *de novo*. *In re Marvin Properties, Inc.*, 854 F.2d 1183 (9th Cir.1988).

## DISCUSSION

It is undisputed that the transfer at issue is preferential under 11 U.S.C. § 547[2]. The issue in this appeal is whether, as to the $1,595.29 CRI retained as its fees, CRI is a transferee from whom the preferential transfer can be recovered. Section 550(a)(1) provides that to the extent a transfer is avoided under section 547, the trustee may recover the transferred property or its value from "the initial transferee of such transfer or the entity for whose benefit the transfer was made." Under a literal reading of this section, the transfer could be recovered from CRI as an initial transferee because it received the money from the debtor's bank account.

A number of courts have, however, refused to read section 550(a) literally where a literal application of the section would allow the trustee to recover from one who is no more than a conduit of the transferred property. *See e.g. In re Colombian Coffee Co.*, 59 B.R. 643 (Bankr.S.D.Fla. 1986), *aff'd* 75 B.R. 177 (S.D.Fla.1987) (bank that receives a transfer from the debtor with instructions to place the funds in an account of a creditor was merely a commercial conduit and was not an initial transferee of the funds under section 550(a)); *In re Fabric Buys of Jericho, Inc.*, 33 B.R. 334 (Bankr.S.D.N.Y.1983) (law firm that received payment from the debtor to settle a dispute and then transferred mon-

ey to client was not an "initial transferee" under section 550).

A test used by some courts in determining whether an entity is an "initial transferee" under section 550 or merely a conduit of the transferred funds is whether the entity has dominion or control over the funds. *See In re Chase & Sanborn Corp.*, 848 F.2d 1196 (11th Cir.1988); *Bonded Financial Services, Inc. v. European American Bank*, 838 F.2d 890, 893–894 (7th Cir. 1988). *Id.* Another test used to determine whether an entity is a mere conduit is whether the transfer was *"solely for the purpose* of benefiting the eventual transferee." *John Mitchell, Inc. v. Beckman, (In re Dietz)*, 94 B.R. 637, 643 (9th Cir. BAP 1988). (emphasis in original).

As an assignee for collection, CRI was the legal owner of the claim against the debtor and was entitled to sue in its own name. *See Hammell v. Superior Court*, 217 Cal. 5, 17 P.2d 101 (1932) Plywood retained an equitable interest in the assigned account. *See National Reserve Co. v. Metropolitan Trust Co.*, 17 Cal.2d 827, 831, 112 P.2d 598 (1941). The fact that CRI was the legal owner of the claim distinguishes this case from the *Fabric Buys* and *Colombian Coffee* cases cited by CRI. Although Plywood's equitable interest in the account and the funds collected may have limited CRI's control over the funds, Plywood had no beneficial interest in the funds retained by CRI as its fee. Thus, CRI's ultimate control over the funds at issue was not limited by a duty to transfer the funds to Plywood. Furthermore, because CRI retained the sums at issue, the transfer was not solely for the purpose of benefiting the eventual transferee. Accordingly, CRI is an initial transferee of the funds at issue.

CRI argues that the Bankruptcy Act case of *Brinig v. American Credit Bureau, Inc.*, 439 F.2d 43 (9th Cir.1971) which held that preferential payments made to a collection agency cannot be recovered from the collection agency, compels a contrary result. Debtor argues that the enactment of section 550(a) under the Bankruptcy

---

**2.** All references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, unless otherwise indicated.

Code effectively overruled *Brinig* to the extent that it held that a trustee could not recover from a collection agency fees obtained by a collection agency as a result of a preferential transfer. For the reasons discussed hereafter we agree with the debtor.

The Bankruptcy Code, unlike the Bankruptcy Act, separates the concepts of avoidance of a transfer and recovery of a transfer from the transferee. *See* 4 *Collier on Bankruptcy* ¶ 550.01 (15th Ed. 1988). This division was designed to provide the trustee with greater flexibility to recover preferences and to prevent multiple transfers and convoluted business transactions from frustrating the recovery of avoidable transfers. *Fabric Buys of Jericho, Inc.* 33 B.R. at 336. Although the transaction at issue is not complex, it does involve multiple transfers of the funds and claim against the debtor which have been interposed to frustrate the debtor's attempt to recover the full amount of the preferential transfer.

In *Brinig* the court analyzed from alternative perspectives whether the trustee could utilize the preference provision to recover from the collection agency sums that were retained as fees. Initially the court considered whether the collection agency was a creditor of the debtor. The court assumed that the fees and the sum sent to the collection agency's assignor could be considered separately and examined whether the trustee could recover from the collection agency the sums it retained as fees. The court concluded that the trustee could not recover the fees as a preference because the trustee could not prove that the payment of such fees constituted a preferential transfer:

> ... we must conclude that the trustee cannot recoup the commissions as preferences because as to those commissions, Credit Bureau was not Esskay's [debtor's] "creditor" within the meaning of subsection (11) of section 1 of the Act (11 U.S.C. § 1(11)) ... That subsection imposes at least two distinct limitations upon the meaning of the term "creditor": (1) the person must have the kind of claim that can be proved in bankruptcy,

and (2) the debt, demand, or claim must involve a liability of the bankrupt. (citations omitted). Although Credit Bureau's claim for commissions is not excluded by the first limitation, it is excluded by the second. No relationship existed between Esskay and Credit Bureau that could form the predicate for liability upon Esskay to pay Credit Bureau's commissions. 439 F.2d at 45.

The court then alternatively considered whether the collection agency was a conduit having no interest in the subject matter of the transfer. The court assumed for the sake of analysis that the fees paid the collection agency and the amounts that it transmitted to it's assignor were inseparable, and analyzed whether the trustee could utilize the preference power to recover the full amount from the collection agency. The court concluded that since the collection agency was a mere conduit as to the sums it paid over, and the fees were inseparable from the amounts paid over, the collection agency was not a recipient of a preference. Thus, the court's determination in *Brinig* was essentially an analysis of avoidability, rather than an analysis of recoverability.

Separating the concepts, as one must do under sections 547 and 550, once avoidability is established under section 547, section 550 permits, with limited exceptions not applicable in this case, recovery from the initial transferee or any immediate or mediate transferee. *Brinig* does not stand as a bar to recovery from CRI since CRI is the initial transferee at least to the extent that it retained sums paid by the debtor as fees and the parties have stipulated that the transfer is preferential.

The proposition that *Brinig* has been eroded by the enactment of section 550 finds further support in *In re Bagwell*, 29 B.R. 461 (Bankr.D.Or.1983). *Bagwell* held that transfers to a bank that was the assignee of a creditor's claim were not preferential because the bank, as an assignee, could assert valid defenses available to the creditor. In so holding, however, the court indicated that the trustee could recover from the bank to the extent it retained

preferences avoidable as to the creditor. 29 B.R. at 465. CRI attempts to distinguish *Bagwell* as a case involving a complete assignment as opposed to an assignment for collection where the assignee obtains legal title and the creditor retains a beneficial interest in the claim. The present dispute, however, involves that portion of the amount collected that was retained by CRI as its fee. CRI had no duty to remit that portion to Plywood and Plywood had no beneficial interest in the sums at issue on this appeal. *See, Brinig*, 439 F.2d at 47 (Gray, dissenting).

In summary, we hold that, as to those funds received by an assignee for collection in a preferential transfer that are retained by the assignee, the assignee for collection is an "initial transferee" under section 550(a) from whom those funds can be recovered.[3] Accordingly, we AFFIRM.

---

**3.** We express no opinion as to whether amounts collected by an assignee for collection and remitted to its client can be recovered as that issue is not before the Panel.