**In re Lonnie Joe WILLIAMS, Debtor.**

**Arnold L. KUPETZ, Trustee for the Estate of Lonnie Joe Williams, Plaintiff,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. LA 84–11115 BR. Adv. No. LA 88–02187 BR.**

United States Bankruptcy Court, C.D. California.

Aug. 17, 1989.

---

Jay R. Davis, Sulmeyer, Kupetz, Baumann & Rothman, P.C., Los Angeles, Cal., for plaintiff.

Gary A. Feess, U.S. Atty., Thomas D. Coker, Asst. U.S. Atty., Los Angeles, Cal., for defendant.

## MEMORANDUM OF OPINION RE AVOIDANCE AND RECOVERY OF POSTPETITION TRANSFERS

BARRY RUSSELL, Bankruptcy Judge:

Plaintiff's motion for summary judgment on his complaint to avoid and recover a postpetition transfer is granted. Defendant's motion for summary judgment is denied.

### FACTS

This proceeding concerns the proceeds from the sale of twenty acres of unimproved land that Lonnie Joe Williams and his brother David Williams owned in Palmdale, California. Both Lonnie Joe Williams and David Williams are now debtors before this Court in separate cases. This opinion discusses the Lonnie Joe Williams case, although the parties have admitted that the relevant facts are the same in both cases.[1]

Lonnie Joe Williams scheduled his half-interest in this land when he filed his Chapter 11 petition on May 30, 1984. His case was subsequently converted to Chapter 7 and plaintiff Arnold L. Kupetz was appointed Chapter 7 Trustee. The trustee filed a No–Asset Report on February 12, 1986 and

the debtor's order of discharge was entered on November 19, 1987.

Apparently, the debtor and his brother subsequently sold the Palmdale property without the trustee's knowledge. The Internal Revenue Service sent the Palmdale Escrow Company a Notice of Federal Tax Due and the escrow company paid to the IRS the sum of $33,748.44 out of the sale proceeds that it was holding. That sum represented an assessment against the debtor and his brother of a one-hundred percent penalty tax for employee withholding taxes that had not been paid by the Malibu Boot and Shoe Company, a company in which the debtor and his brother were principals.

After the trustee learned of the unauthorized sale, he filed an application to reopen the case in order to withdraw his No–Asset Report. Interestingly, the case had never been closed even though more than two years had passed since the No–Asset Report had been filed. Nevertheless, the application to reopen was granted on October 17, 1988 and the trustee subsequently filed a Notification of an Asset Case.

The trustee has made demands on the IRS to turnover the sum of $16,874.22, which represents half of the amount paid to the IRS. The IRS failed to respond and the trustee commenced this adversary proceeding to avoid and recover the postpetition transfer under Sections 549(a) and 550.[2]

The IRS filed a motion for summary judgment based on its assertion that the Section 549 action was time-barred by Section 549's statute of limitations, which provides, *inter alia*, that an action may not be commenced two years after a case is

---

1. Arnold L. Kupetz, the Chapter 7 Trustee in both cases, has brought a similar adversary proceeding against the United States, Internal Revenue Service, in each case. *Kupetz v. United States (In re Lonnie Joe Williams)*, Case No. LA 84–11115 BR, Adv. No. LA 88–02187 BR. *Kupetz v. United States (In re David and Susan Williams)*, Case No. LA 84–11114 BR, Adv. No. LA 88–02186 BR. The cross motions for summary judgment in the Lonnie Joe Williams proceeding were argued on May 17, 1989, continued to May 30 and then taken under submission. The trustee filed his motion for summary

judgment in the David and Susan Williams proceeding on August 8, 1989, concurrent with a stipulation by both parties to waive oral argument. A separate order with separate findings of fact and conclusions of law will be filed concurrent with this opinion, granting that motion based on the doctrines of collateral estoppel and *res judicata*. *See* Russell, *Bankruptcy Evidence Manual* §§ 1–5.

2. All citations are to Title 11, U.S.C., unless otherwise noted.

closed. However, the IRS failed to provide evidence that this case had ever been closed. The IRS also asserted that Section 549(c), which limits a trustee's avoidance powers as against a purchaser of real property, served somehow to protect the IRS. However, as discussed, *infra*, Section 549(c) is not applicable because, among other reasons, the transfer at issue was not a transfer of real property.

The trustee responded and moved for summary judgment.

## ISSUE

Whether the Chapter 7 Trustee may avoid and recover an unauthorized postpetition transfer of property of the estate.

## DISCUSSION

■ The debtor's interest in the twenty acres of land prior to the sale of the land is property of the estate. § 541(a)(1). The estate's interest in the real property attaches to the proceeds derived from the sale of such property. § 541(a)(6). Thus, ·it is clear that the estate has an interest in the money now in the possession of the IRS. *See* § 541(a)(3) (property of the estate includes property that is recovered pursuant to Section 550).

It is also clear that a transfer of property of the estate to the IRS such as happened here was not authorized. The IRS cites no authority under the Bankruptcy Code for its actions, nor did it receive prior authorization from this Court for its actions. An unauthorized postpetition transfer of property of the estate may be avoided by the trustee pursuant to Section 549(a), which provides that:

Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2)(A) . . .; or

(B) that is not authorized under this title or by the court.

Subsections (b) and (c) of Section 549 are not applicable to these facts. Section 549(b) applies to the "gap" period in an involuntary case. Section 549(c), which protects a good faith purchaser of real property, does not apply because the res at issue was personal property in the form of cash proceeds and was not real property. *See* 4 *Collier on Bankruptcy* ¶ 549.03[1] at 549–9 to –10 (15th ed. 1989). In addition, Section 549(c) does not apply because the IRS was not a good faith purchaser of the funds. *See* § 101(37) (definition of purchaser). Even if the IRS were a good faith purchaser, "[n]o protection is provided for a good faith purchaser of personalty other than under section 549(b)." 4 *Collier on Bankruptcy* ¶ 549.03[3] at 549–12.

■ The transfer of cash proceeds from the escrow company to the IRS is clearly a transfer of property of the estate that the trustee may avoid pursuant to Section 549(a). *See Goldstein v. Beeler (In re Rose)*, 25 B.R. 744, 746 (E.D.Mo.1982). The trustee may then recover the avoided transfer pursuant to Section 550(a), which provides that:

Except as otherwise provided in this section, *to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred,* or, if the court so orders, the value of such property, *from—*

(1) *the initial transferee of such transfer* or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee. [Emphasis added.]

The transfer of funds from the escrow company to the IRS is the transfer that is being avoided by this action. It is important to distinguish that transfer from the separate transfer of the real property to its purchaser, which transfer is not before this Court in this proceeding.

As to the transfer of funds from the escrow company to the IRS, the IRS is the initial transferee and is not a mediate transferee. This distinction is important because a mediate transferee may have a defense under Section 550(b)(2) to a complaint to recover a transfer avoided under

Section 549(a). However, for the IRS to be the mediate transferee and not the initial transferee, the escrow company would have to be viewed as a separate transferee. The escrow company would then be the initial transferee, with the IRS as a mediate transferee. That is not an accurate view of the typical role of an escrow company. An escrow company is merely a conduit through which funds flow from a purchaser to a seller. The escrow company did not purchase the property itself.

"Section 550(b) protects only subsequent good faith transferees, and in most instances a transferee of property from an agent, bailee, or bank of the debtor will be an initial transferee within section 550(a)(1)." 4 *Collier on Bankruptcy* ¶ 549.03[1] at 549–10. *See generally Commercial Recovery, Inc. v. Mill Street, Inc. (In re Mill Street, Inc.)*, 96 B.R. 268, 269 (9th Cir. BAP 1989) (discussing the distinction between a "mere conduit" and an initial transferee under Section 550(a)); *In re Dietz*, 94 B.R. 637, 643 (9th Cir. BAP 1988).

There is no inequity to requiring the IRS to return property of the estate to the estate. "Section 549 allows the trustee to recover all post-petition transfers, except those that fit within the statute's narrow exceptions." *Walsh v. Alpha Fin. Group (In re Rice)*, 83 B.R. 8, 13 (9th Cir. BAP 1987) (per curiam). Often, when Section 549 is invoked, the scenario involves an innocent third-party purchaser, who is required to return property wrongfully transferred postpetition so that the property may be distributed to the creditors of the estate. However, in these facts, the IRS is not an "innocent third-party purchaser" of property of the estate. The IRS simply forced a premature and unauthorized distribution of the debtor's estate to itself. If the IRS wants to pursue a claim against this estate, then the IRS must pursue that claim through the mechanisms set up by Congress in Title 11 and administered by the bankruptcy courts.[3]

3. Whether the IRS is pursuing a claim and whether such claim is valid is not at issue in this

The IRS's motion for summary judgment is denied because the motion is based on the assumption that this action was brought more than two years after the case was closed. However, this case was never closed, a fact this Court may take judicial notice of from the docket. *See* Russell, *Bankruptcy Evidence Manual* § 201.5. The alternative ground argued in the IRS's motion for summary judgment is that the IRS is somehow protected by Section 549(c). As discussed, *supra,* there is no merit to that defense on these facts because, among other reasons, the transfer at issue was a transfer of personal property and not of real property.

### CONCLUSION

The transfer of funds to the IRS was an unauthorized postpetition transfer of property of the estate that the trustee may avoid pursuant to Section 549(a) and recover pursuant to Section 550(a). The various defenses asserted by the IRS have no merit on these facts.

This memorandum of opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052. A separate order will be filed concurrent with this opinion granting the trustee's cross motion for summary judgment and denying the IRS's motion for summary judgment.

IT IS SO ORDERED.

### AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The prior Order entered on August 17, 1989 in this adversary proceeding is amended to provide that the plaintiff may recover from the defendant and that the defendant is ordered to turnover to plaintiff the following sums:

opinion.

A. The principal amount of the transfer to the Internal Revenue Service of $16,-874.22;

B. Interest at the legal rate of 8.16% per annum from the date of transfer of July 22, 1988 through July 28, 1989 in the amount of $1,384.48 plus $3.77 per day until judgment is entered.

It is further ordered that interest shall accrue on the principal amount transferred at the rate provided by law for judgments normally in 28 U.S.C. Section 1961.

IT IS SO ORDERED.