**In re COLUMBIA DATA PRODUCTS, INC., Debtor.**

**Richard E. LOWRY, Trustee, Plaintiff–Appellant,**

v.

**SECURITY PACIFIC BUSINESS CREDIT, INC., Defendant–Appellee.**

No. 89–2710.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 30, 1989.

Decided Dec. 15, 1989.

bia Data Products, Inc. (CDP), to Logan Circuits, Inc. (Logan), which Logan subsequently transferred to Security Pacific. He also contends that there were material issues of fact making summary judgment inappropriate. We affirm.

## I.

In 1983, after Logan executed a Revolving Credit Note, Security Pacific gave value by making loans and extending credit to Logan in the amount of $2,320,000 and in return received a security interest in Logan's accounts receivable. The note required Logan to establish a special depository account at United Jersey Bank (United Jersey) into which Logan was to deposit all of its accounts receivable collections. United Jersey was directed to make withdrawals from this account and transfer the funds by wire to Security Pacific.

Logan was a creditor of CDP. On August 15, 1984, CDP entered into a Standby Extension Agreement with several creditors, including Logan, that established a Suppliers' Committee (the Committee) to receive payments from CDP and redistribute the funds to CDP's creditors. On March 4, 1985, within 90 days of filing its bankruptcy petition, CDP transferred $50,000 to the Committee. On the same date, the Committee transferred $38,300 to Logan. On April 18, 1985, CDP transferred an additional $50,000 to the Committee. The following day, Logan received a check from the Committee for $35,000. These checks from the Committee, totaling $73,300, were deposited by Logan into the account at United Jersey and the funds subsequently were transferred to Security Pacific. On May 3, 1985, CDP filed a voluntary petition for bankruptcy under Chapter 11 which it subsequently converted to a Chapter 7 petition.

The trustee sought to recover the $73,300 from Security Pacific by filing a complaint to recover preferential transfers. Security Pacific and the trustee filed a motion and cross-motion for summary judgment. The bankruptcy court granted Se-

James Paul Koch, Baltimore, Md., for plaintiff-appellant.

Stuart Michael Widman (Much Shelist Freed Denenberg Ament & Eiger, P.C., Chicago, Ill., on brief), for defendant-appellee.

Before WINTER and WILKINS, Circuit Judges, and MOTZ, United States District Judge for the District of Maryland, sitting by designation.

WILKINS, Circuit Judge:

The trustee in bankruptcy, Richard E. Lowry, appeals the decision of the district court, 99 B.R. 682, affirming summary judgment granted by the bankruptcy court in favor of Security Pacific Business Credit, Inc. (Security Pacific). The trustee contends that section 550(a)(1) of the Bankruptcy Code, 11 U.S.C.A. § 550(a)(1) (West 1979 & Supp.1989), entitles him to recover certain funds from Security Pacific that were transferred from the debtor, Colum-

curity Pacific's motion and the district court affirmed.

## II.

The trustee contends that Security Pacific was either the initial transferee or the entity for whose benefit the transfer was made and, therefore, he is entitled to recover preferential transfers from Security Pacific under section 550(a) of the Bankruptcy Code that provides in part:

Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) The initial transferee of such transfer or the entity for whose benefit such transfer was made....

11 U.S.C.A. § 550(a)(1) (West 1979 & Supp. 1989). The trustee contends that the funds are recoverable from Security Pacific because neither the Committee nor Logan was the initial transferee.

■ We have previously held that the initial transferee is not always the initial recipient. See In re Harbour, 845 F.2d 1254, 1257 (4th Cir.1988). Thus, Security Pacific is not foreclosed from initial transferee status merely because the funds transferred by CDP went to the Committee and to Logan before Security Pacific received them. And a party cannot be an initial transferee if he is a mere conduit for the party who had a direct business relationship with the debtor. In re Fabric Buys of Jericho, Inc., 33 B.R. 334, 337 (Bankr.S.D.N.Y.1983). In Fabric Buys the bankruptcy court held that an attorney who collected money from a settlement, deposited the proceeds in escrow, and then disbursed them to a client was a mere conduit and not an initial transferee. Id. at 336–37. Here, the Committee received funds from CDP and transferred them to the various creditors of CDP. Although the creditors who formed the Committee had a direct business relationship with CDP, the Committee did not. Rather, the Committee was a conduit, not the initial transferee, through which CDP's creditors received payment.

■ Unlike the Committee, Logan had a direct business relationship with CDP and was a creditor of CDP. It supplied CDP with computer components, and the transfers from CDP to Logan (by way of the Committee) were payments for the components. When a creditor receives money from its debtor to pay a debt, the creditor is not a mere conduit. See In re Chase & Sanborn Corp., 848 F.2d 1196, 1200 (11th Cir.1988). Moreover, in Fabric Buys the court found that the initial recipient was a conduit because the funds ultimately went to the party with whom the debtor had a business relationship. Fabric Buys, 33 B.R. at 337. Here, Security Pacific did not have a business relationship with CDP.

The trustee argues that Logan could not be the initial transferee because it had assigned to Security Pacific the funds paid by CDP to satisfy an account receivable. However, the cases cited by the trustee to support this position are readily distinguishable for they involve assignments in which the debtor paid the third party directly or the third party guaranteed a loan from the creditor to the bankrupt debtor. See In re Mill Street, Inc., 96 B.R. 268 (9th Cir. BAP 1989) (collection agent could be initial transferee to the extent it had no obligation to turn over the portion of collections representing its fee); In re Jameson's Foods, Inc., 35 B.R. 433 (Bankr.D.S. C.1983) (Small Business Administration (SBA) was initial transferee where it received transfer of funds from debtor's bank account after SBA indemnified creditor on loan which SBA had guaranteed); In re Bagwell, 29 B.R. 461 (Bankr.D.Or.1983) (bank was initial transferee where supplier assigned accounts receivable to the bank and the bank received payment directly from debtor). Security Pacific did not receive payments directly from CDP nor did it guarantee CDP's payment to Logan. Security Pacific was not the initial transferee simply because of the assignment agreement entered into with Logan.

Likewise, the existence of the assignment agreement does not establish that Security Pacific was the entity for whose benefit the transfer was made. To the contrary, as the Seventh Circuit has recognized, "a subsequent transferee cannot be the 'entity for whose benefit' the original transfer was made." *Bonded Financial Services, Inc. v. European American Bank*, 838 F.2d 890, 895 (7th Cir.1988). Rather, the entity for whose benefit the transfer is made "is a guarantor or debtor—someone who receives the benefit but not the money." *Id.* When a debtor pays a creditor to satisfy a debt guaranteed by a third party, the creditor is the initial transferee and the guarantor, who is no longer liable for the debt, is the entity for whose benefit the transfer is made. *Id.*

The trustee also contends that because Logan did not exercise dominion and control over the transfers, it cannot be the initial transferee and, thus, Security Pacific must be the initial transferee. *See Bonded Financial*, 838 F.2d at 893 (initial transferee must be able to use the money for its own purposes or exercise dominion and control over it). The trustee's reliance on *Bonded Financial* is misplaced. Although Logan agreed to deposit the funds received from CDP (by way of the Committee) in the United Jersey account for ultimate transfer to Security Pacific, Logan used the funds for its own purpose—to reduce its debt to Security Pacific. The fact that Logan could not have used the funds for other purposes does not affect this critical factor.

Because Logan, not Security Pacific, had the direct business relationship with CDP and because Logan used the funds for its own purpose, we affirm the holding of the district court that Security Pacific was not the initial transferee of the transfer from CDP. Because our review of the record reveals that no material issue of fact existed, summary judgment was properly granted.

AFFIRMED.