In re MAKO, INC., Debtor.

Jack SANTEE, Litigation
Trustee, Plaintiff,

v.

NORTHWEST NATIONAL BANK and
Jim Treat, Defendants.

NORTHWEST NATIONAL BANK,
Counter–Claimant,

v.

RETAIL MARKETING COMPANY,
Counter–Defendant.

Bankruptcy No. 88–70475.

Adv. No. 90–7011.

United States Bankruptcy Court,
E.D. Oklahoma.

May 2, 1991.

Patrick O'Connor, Tulsa, Okl., for plaintiff.

E. Lamar Pettus, Fayetteville, Ark., for Northwest Nat.

Steven W. Soule, Tulsa, Okl., for Retail Marketing.

## ORDER AND NOTICE OF PRE–TRIAL CONFERENCE

JAMES E. RYAN, Chief Judge.

On this 1st day of May, 1991, the Motion for Reconsideration and Brief in Support Thereof filed by the Plaintiff herein on January 22, 1991 (Docket Entry No. 84), as well as the Response and Objection thereto filed by Defendant Northwest National Bank ("Northwest") on February 8, 1991 (Docket Entry No. 87) with Brief in Support (Docket Entry No. 88) and the Motion to Amend Judgment filed by Defendant Northwest on January 22, 1991 (Docket Entry No. 82) with Brief in Support thereof (Docket Entry No. 83), and Response thereto filed by Retail Marketing Company on February 11, 1991 (Docket Entry No. 89) came before this Court for consideration.

After review of the above-referenced pleadings and re-examination of this Court's Order of January 9, 1991, this Court does hereby enter the following Findings of Fact and Conclusions of law in conformity with B.R. 7052 in this core proceeding:

## STATEMENT OF ISSUE

At issue in the pleadings coming before the Court is whether the Plaintiff is entitled to seek recovery of property from Defendant Northwest National Bank pursuant to 11 U.S.C. § 550 under the facts and circumstances present in this adversary proceeding.

## FINDINGS OF FACT

1. On June 2, 1989, the Chapter 11 Plan proposed by a creditor, Delaware County

Bank, on behalf of the purchaser of the assets of the Debtor, Retail Marketing Company ("RMC"), was confirmed by this Court. This same Plan created the office of the Plaintiff herein, the Litigation Trustee, to pursue certain adversary actions in a limited capacity. Specifically, the Litigation Trustee was permitted to pursue "any and all claims against insiders or affiliates of the Debtor (as defined by the Code), including without limitation Debtor's management, to the extent, but only to the extent, such claims arose on or before March 23, 1989." (See Exhibit G incorporated by Paragraph 6.04 of the Restated First Amended Creditor's Plan of Liquidation submitted by Delaware County Bank, as modified, filed in this Court on August 8, 1989).

2. On February 26, 1990, RMC commenced this adversary proceeding, naming Northwest National Bank and Jim Treat as party Defendants. The Plaintiff alleges in its Complaint that on or about August 16, 1984, the former Debtor executed five Promissory Notes with the Defendant Northwest which were secured by certain equipment located at the convenience stores owned by the Debtor, as well as by Defendant Treat's personal guarantees on the Notes. Plaintiff further alleges that on or about May 1, 1986, Defendant Treat executed two Notes with Defendant Northwest which were secured by certain equipment and the guarantee of the former Debtor, Mako, Inc. Plaintiff concludes that certain monies were transferred from the Debtor to Defendant Northwest in payment on these Notes within one year of the filing of the Petition, between May, 1988 and April, 1989. As a result, RMC alleged that these transfers were made in violation of 11 U.S.C. § 544(b), employing the Oklahoma Uniform Fraudulent Transfers Act; § 547, as being preferential; § 548, as being a fraudulent transfer; and § 549, with regard to the post-Petition transfers. Plaintiff also seeks recovery of the proceeds transferred pursuant to 11 U.S.C. § 550.

Subsequently, on August 6, 1990, the former Plaintiff, RMC, dismissed a portion of the Complaint based on the initial five Promissory Notes and maintained the action only on the subsequent two Promissory Notes, between Defendant Treat and Defendant Northwest.

3. On September 5, 1990, 120 B.R. 203, this Court entered an Order which granted Defendant Northwest's Motion for Summary Judgment. In doing so, RMC was dismissed from this action as having not properly retained or reserved the avoidance actions in itself as the appropriate representative of the estate as required by 11 U.S.C. § 1123(b)(3)(A). However, this Court recognized the language contained within the Plan which properly retained certain of these actions within the purview of the office of the Litigation Trustee. Pursuant to this finding, the Court allowed the Litigation Trustee, Jack Santee, to act on behalf of the unsecured creditors and be substituted as the proper party Plaintiff in this action. Thereafter, on October 4, 1990, this Court granted the Litigation Trustee's Motion to Substitute, thereby designating Jack Santee as the proper Plaintiff.

The ruling of this Court with regard to the proper party Plaintiff was affirmed by Order entered by the United States District Court for the Eastern District of Oklahoma on March 29, 1991. The District Court's decision has now been appealed to the United States Court of Appeals for the Tenth Circuit as reflected in the Notice filed by RMC on April 25, 1991.

4. On January 9, 1991, this Court entered an Order which granted Defendant Northwest's Motion to Dismiss on the basis that the Litigation Trustee was limited in bringing actions involving "insiders" and "affiliates" as defined by the Bankruptcy Code, and that Defendant Northwest is neither an "insider" nor an "affiliate."

In that same Order, this Court found Defendant Jim Treat to be an "insider" and entered a default judgment against Mr. Treat for his failure to appear at a properly noticed Pre–Trial Conference and thus deemed the transfers alleged in the Plaintiff's Complaint to be avoided as to Defendant Jim Treat pursuant to 11 U.S.C.

§ 544(b), § 548, § 549 and recoverable from Treat under 11 U.S.C. § 550. Allegations pertaining to § 547 were excluded from the judgment, this Court having found contrary evidence to support the Plaintiff's position on this section.

5. Plaintiff now asks this Court to reconsider the entry of the Order dismissing Defendant Northwest from this action on January 9, 1991. Although Plaintiff appears to request reconsideration of the dismissal on all counts, Plaintiff particularly asserts that he should be permitted to proceed on his cause of action pursuant to § 550, since that section is intended for recovery of avoided transfers and not as an independent action. Defendant Northwest responds that the language of limitation contained within the confirmed Plan constrains this action on all counts, maintaining that Defendant Northwest is neither an "insider" nor an "affiliate."

## CONCLUSIONS OF LAW

A. After reviewing this Court's decision with regard to the ability of the Litigation Trustee to pursue an avoidance action pursuant to § 544(b), § 547, § 548 or § 549, we find no basis upon which to reconsider or otherwise alter the decision reflected in the January 9, 1991 Order and thus, the Motion shall be denied with regard to the reconsideration of this Court's decision on these sections.

B. The Plaintiff's Motion with regard to his ability to proceed pursuant to § 550 requires further examination by this Court. Specifically, the United States Bankruptcy Code, at 11 U.S.C. § 550(a), provides that:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(d), or 727(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the Court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

Thus, § 550(a) is a secondary cause of action after a properly appointed representative has prevailed pursuant to the avoidance sections of the Code. Section 550(a) stands as a recovery statute only and not as a primary avoidance basis for an action, as it will only survive when coupled with the transfer avoidance sections of the Code. *In re O.P.M. Leasing Services, Inc.,* 32 B.R. 199, 202 (Bankr.S.D.N.Y.1983). Bankruptcy Code § 550(a) "enunciates the separation between the concepts of avoiding a transfer and recovering from the transferee." Report of the Committee on the Judiciary, Bankruptcy Law Revision, H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 375 (1977); Report of the Committee on the Judiciary, Bankruptcy Reform, S.Rep. No. 95–989, 95th Cong., 2d Sess. 90 (1978); U.S. Code Cong. & Admin.News, 1978, pp. 5787, 5876, 6331.

C. We are thus convinced that § 550(a) is a Code permitted action that does not require retention under a Chapter 11 Plan. If an avoidance action is properly retained under the Plan by a properly appointed representative, recovery is permitted under § 550.

In the instant case, we have previously found that the Litigation Trustee is a properly appointed representative on behalf of the unsecured creditors of the estate to pursue avoidance actions against "insiders" and "affiliates." The Litigation Trustee has prevailed in his action against an insider; namely, Mr. Treat. The Litigation Trustee now requests that he be allowed to recover that transfer pursuant to § 550(a), and under the reasoning of this Court in this reconsideration of its prior Order, we find that the ability to recover is independent from the ability to avoid the transfer. Thus, the Litigation Trustee is not restricted to bringing a recovery action pursuant to § 550(a) against the same party; namely, an "insider" or "affiliate," as he would be in bringing a primary avoidance action under the Chapter 11 Plan confirmed in this case. This conclusion is only logical considering that "by passing § 550, Congress hoped to preclude multiple transfers or convoluted business transactions from

frustrating the recovery of avoidable transfers. Such recovery problems existed under the former Bankruptcy Act of 1898." *In re Fabric Buys of Jericho, Inc.,* 33 B.R. 334, 336–37 (Bankr.S.D.N.Y.1983) citing 4 *Collier on Bankruptcy* ¶ 67.41(8) (14th ed. 1982).

Although we are reinstating Plaintiff's § 550 cause of action with this Order, Plaintiff's success is, of course, not a forgone conclusion. While providing the Plaintiff an avenue of recovery of any avoidable transfer under § 550(a), that same section at subsection (b) provides a defense for any transferee, including Defendant Northwest.

D. Defendant Northwest National Bank requests by virtue of the Motion to Amend Judgment that this Court reinstate its Counterclaim against RMC which was dismissed pursuant to this Court's Order on January 9, 1991, or dismiss it without prejudice, in the event that a recovery is obtained under this adversary proceeding against Northwest. Considering that this Court intends to permit the continued prosecution of the § 550(a) cause of action herein, propriety dictates that the dismissal of the Counterclaim/third party action against RMC by Defendant Northwest National Bank be vacated and reinstated.

IT IS THEREFORE ORDERED that, based upon this Court's extensive reconsideration, the Motion of the Plaintiff is hereby granted. This action shall continue based solely upon the Plaintiff's allegations concerning 11 U.S.C. § 550(a).

IT IS FURTHER ORDERED that the Defendant's Motion to Amend Judgment is hereby granted. However, we will require that Defendant Northwest file an appropriate Third Party Complaint against RMC for this matter to be properly postured. Such Complaint shall be filed no later than May 13, 1991. Third Party Defendant RMC shall be permitted until May 28, 1991 by which to file an Answer to the Third Party Complaint.

IT IS FURTHER ORDERED that a Pre–Trial Conference be conducted with regard to the entirety of this adversary proceed-ing, as it remains pending, on June 7, 1991 at 3:00 p.m.