**In re The DE ROCHFORT CO. LTD., Debtor.**

**The DE ROCHFORT CO. LTD., Plaintiff,**

v.

**SUNSHINE STATE BANK, etc., Defendant,**

**Cloensa Corp., Intervenor.**

**Bankruptcy No. 82–00923–BKC–TCB. Adv. No. 82–0592–BKC–TCB–A.**

United States Bankruptcy Court, S. D. Florida.

Aug. 24, 1982.

Stanley P. Cohen, Waldaboro, Maine, for Cloensa.

Richard R. Booth, Miami, Fla., for Sunshine.

A.M. Schwitalla, Coral Gables, Fla., for debtor.

## ORDER ON MOTIONS FOR NEW TRIAL

THOMAS C. BRITTON, Bankruptcy Judge.

Both the defendant and the intervenor have filed timely motions for new trial. (C.P. Nos. 21, 22, 23 and 24). The motions were heard on August 23.

All the statements made in the Memorandum Decision of August 6 after the third paragraph, page 2, that is to say beginning with the words "Turning to the question immediately presented . . ." are to be disregarded.

The debtor cannot recover its leasehold interest as an avoidable preference in this case, because its transferee (the defendant bank) in turn transferred the lease before bankruptcy to the Intervenor (Cloensa) for value, in good faith and without knowledge of the voidability of the transfer to the bank. § 550(b)(1). It is undisputed that the lease was assigned to Cloensa on May 19, the day before the bankruptcy petition. It was the debtor's burden to negative that the transfer to Cloensa was for value, in good faith and without knowledge of voidability. It has not done so. It follows that the debtor cannot prevail upon its allegations of a voidable preference.

 Turning to the issue of perfection, it is conceded that the security interest, which is contained in the Agreement executed April 7, 1982, assigning the lease to Sunshine was neither recorded with the Clerk of the Circuit Court, as is required by § 695.01, Florida Statutes, nor was it recorded with the Secretary of State as is required by § 9–401 of the U.C.C., § 679.-401, Florida Statutes. It would appear that Article 9 of the U.C.C. has no application to the transfer of a lease on real estate. § 679.104(10), Florida Statutes. Therefore, the issue is whether Sunshine's security interest was unenforceable on May 20, the date of bankruptcy, against the debtor-in-possession, as a hypothetical lien creditor without notice under §§ 1107(a) and 544(a).

It is the theory of Sunshine and Cloensa that under Florida law a hypothetical creditor would be charged with notice of Sunshine's security interest by the fact that a State court receiver was in actual possession of the leased premises before and at the time of bankruptcy.

 It has long been the rule in Florida that actual possession is constructive notice to all the world or anyone having knowledge of such possession, of whatever rights the occupants have in the land, and such possession when open, visible and exclusive, will put upon inquiry those acquiring any title to or lien upon land so occupied to ascertain the nature of the occupant's rights in the premises. *Florida Land Holding Corp. v. McMillen,* 1939, 135 Fla. 431, 186 So. 188. The State court receiver was appointed in an action brought by the bank against the debtor to enforce the security agreement in question here. The complaint in that action fully disclosed the nature and existence of the security interest. At the time of bankruptcy, therefore, a hypothetical creditor would be charged with notice of the existence of Sunshine's asserted security interest against the debtor's leasehold. It follows that Sunshine's lien cannot be avoided under the debtor's alternative theory that it was not duly perfected.

The Judgment entered August 6 (C.P. No. 20) is set aside. As is required by B.R. 921(a), a separate amended judgment will be entered in accordance with this decision. Costs will be taxed on motion.