**In re BLACK & GEDDES, INC., Debtor.**

**Chester B. SALOMON, as Trustee of the Estate of Black & Geddes, Inc., Debtor, Plaintiff,**

**v.**

**NEDLLOYD, INC., Defendant and Third-Party Plaintiff,**

**v.**

**UNIVERSAL TRADING CORP. and Tricoastal Steel Corp., Third-Party Defendants.**

**No. 81 B 10399 (PA).**
**Adv. P. No. 83–5710A.**

United States Bankruptcy Court,
S.D. New York.

April 21, 1986.

Salomon, Green & Ostrow, P.C., New York City by Alec P. Ostrow, for trustee.

Hill, Betts & Nash, New York City by Peter J. McHugh, for Nedlloyd, Inc.

## MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

PRUDENCE B. ABRAM, Bankruptcy Judge:

This adversary proceeding is one of thirty-six similar adversary proceedings brought by Chester B. Salomon, the Trustee of Black & Geddes, Inc., a freight forwarder and now a Chapter 7 debtor. See *In re Black & Geddes, Inc. (Trustee v. Pan American World Airways)*, 35 B.R. 827 (Bankr.S.D.N.Y.1983) (Statute of limitations held to run from date of trustee's appointment as permanent trustee so actions were timely commenced). In his complaint, the Trustee has sought to recover $46,431.80 paid to Nedlloyd, Inc. on the grounds that the three transfers involved were preferential. The present motion for summary judgment made by Nedlloyd concerns one of the transfers, a transfer in the amount of $21,785.73 made by Check No. 041385.[1]

Nedlloyd states that it received the $21,785.73 only as an agent for a disclosed principal. It states it received this amount in its capacity as a steamship agency acting on behalf of Hoegh Lines, a common carrier by sea, to collect payment for the freight due on a Hoegh bill of lading for carriage of a certain quantity of blackplate coils to Pakistan. Nedlloyd states that it paid the freight over to Hoegh, save only for the amount of its commission.[2] Although the

---

1. Nedlloyd seeks an order dismissing the complaint. However, the substantive issues raised by the summary judgment motion do not extend to the other two transfers. Apparently, Nedlloyd believes that the Trustee is prepared to concede that he cannot recover the other two transfers as preferential because of this court's holding in *In re Black & Geddes, Inc. (Dampskibsselskabet AF 1912 Aktiesebelskab v. Trustee)*, 35 B.R. 830 (Bankr.S.D.N.Y.1984) that any preference to a carrier would be measured from date of receipt of payment by Black & Geddes from the shipper and not from the earlier date of the bill of lading. It is unclear from the Trustee's papers where he stands on this issue relative to the other two transfers.

2. Nedlloyd's retention of its commission out of the funds does not leave it vulnerable to a preference attack for that amount. Black & Geddes did not owe this fee to Nedlloyd and the fee was due solely from Hoegh. Hoegh could have required Nedlloyd to turn over the entire freight amount to it and then it issued its own check to Nedlloyd. Instead, it simplified the transaction by allowing an offset. Whether Nedlloyd would be entitled to its commission if the transfer were to be recovered from Hoegh

Trustee asserts that there are genuine issues of fact in dispute, he has not presented any evidence contradicting or tending to contradict the facts just stated.[3] The Trustee does add the equally uncontroverted fact that the Nedlloyd endorsement on the $21,785,73 check makes no reference to Hoegh or to Nedlloyd's agency status.

■ This case presents this court with yet another opportunity to make a foray into the thicket of agency law and the shipping industry. This court has had occasion in this Chapter 7 case to consider various legal aspects of the relationships between Black & Geddes as freight forwarder, a shipper and an ocean carrier. See *In re Black & Geddes, Inc., supra* at footnote 1 (As freight forwarder, the debtor was not liable to pay the freight to the carrier until it had collected it from the shipper). More recently, this court has held that a port agent did not receive a preference when it received funds from the owner which it thereafter used to make payments to the vendors with whom it contracted on the owner's behalf. See *In re Timber Line, Ltd. (Trustee v. East Carolina Ship Agencies, et al.,* 59 B.R. 728 (Bankr.S.D.N.Y. 1986).

As this court said in *Timber Line,*

"A preference cannot exist in the absence of an extension of credit." At 731.

The transfer to Nedlloyd of the $21,785.73 was not a preferential transfer as to Nedlloyd because the transfer was not in payment of any indebtedness, antecedent or otherwise, owed to Nedlloyd. The indebtedness was due to Hoegh, the ocean carrier which performed the services.

■ The Trustee urges that he can nevertheless recover the transfer from Nedlloyd as an initial transferee. Bankruptcy Code § 550(a) provides:

"Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(b) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

"(1) The initial transferee of such transfer or the entity for whose benefit such transfer was made; or

"(2) any immediate or mediate transferee of such initial transferee."

This court agrees with the holding of the late Judge John J. Galgay in *In re Fabric Buys of Jericho, Inc.,* 33 B.R. 334 (Bankr. S.D.N.Y.1983), that an entity that acts as a mere conduit of funds is not an "initial transferee" within the ambit of section 550 and no recovery may be had from the entity.[4] *Accord,* 4 Collier on Bankruptcy (15th ed. 1985) ¶ 550.02 at 550–7–550–8.

■ The Trustee also urges that Section 3–403 of the Uniform Commercial Code entitles him to recovery because Nedlloyd endorsed the Black & Geddes check without reference to any agency capacity. As Nedlloyd correctly points out, this case is

would depend on the terms of the contract between Nedlloyd and Hoegh and is not now before the court.

3. The Trustee argues that Nedlloyd's status as an agent is unclear because Nedlloyd is also an ocean carrier. However, it is undisputed that the bill of lading for the shipment in question was issued by Hoegh.

4. In an appropriate case, there may be the possibility of a recovery from an entity as an initial transferee under Code § 550 even though that entity did not receive a preference under Code § 547. That situation would arise, for example, in this case if Nedlloyd had not yet made payment over to Hoegh at the time the case was commenced and arguably could exist relative to the amount retained as a commission. Nedlloyd would then have been holding funds which could be recovered by the estate if it could be shown that payment to Hoegh would be a preferential transfer. Thus, this court finds continued vitality in Judge Cardozo's discussion in *Carson v. Federal Reserve Bank,* 254 N.Y. 218, 235–36, 172 N.E. 475 (1930) ("The person to be charged with liability, if he has parted before the bankruptcy with title and possession, must have been more than a mere custodian, an intermediary or conduit between the bankrupt and the creditor. Directly or indirectly he must have had a beneficial interest in the preference to be avoided, the thing to be reclaimed.").

not based on the check instrument itself and the argument is without merit.

The motion for summary judgment as to the $21,785.73 transfer is granted.

The Trustee is directed to advise the court and counsel for Nedlloyd whether it is prepared to consent to dismissal of the complaint as to the remaining two transfers or to entry of a judgment against the Trustee in connection with them. Following receipt of that advise, counsel for Nedlloyd is directed to settle a partial or complete judgment as appropriate.

It is so ordered.