**In re SARASOTA PLAZA ASSOCIATES LIMITED PARTNERSHIP, Debtor.**

**SARASOTA PLAZA ASSOCIATES LIMITED PARTNERSHIP, a New York limited partnership, Plaintiff,**

v.

**Barry TRUPIN, et al., Defendants.**

**Bankruptcy No. 89–0061–8P1.**
**Adv. No. 89–151.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 28, 1989.

Michael L. Ingram, Tampa, Fla., for plaintiff, Sarasota Plaza Associates.

Barry R. Davidson, Miami, Fla., for defendants, Bank of New York, Intercontinental Monetary Corp., and Mut. of New York.

Michael A. Fogarty, Tampa, Fla., for defendant, Barry Trupin.

**ORDER ON THE BANK OF NEW YORK, INTERCONTINENTAL MONETARY CORPORATION AND MUTUAL OF NEW YORK'S MOTION FOR SUMMARY JUDGMENT**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion for Summary Judgment filed by Sarasota Plaza Associates Ltd., Debtor–in–Possession (DIP), against the Bank of New York (Bank), Intercontinental Monetary Corporation (IMC), and Mutual of New York (MONY). It is the contention of the Defendants that there are no genuine issues of material fact, and they are entitled to a judgment in their respective favors as a matter of law. The Complaint, which sought to be dismissed by the Defendants, seeks to avoid transfer pursuant to § 544(b) of the Bankruptcy Code and *Fla. Stat.* § 726.101 et seq. of certain promissory notes to the Defendants. The undisputed facts as appear from the relevant record are essentially as follows:

The Debtor is the named payee of several promissory notes totalling $11,500,000.00 executed by limited partners of the Debtor, a limited partnership. These notes represent the obligation of the limited partners to pay the balance of the purchase price of their respective limited partnership interests, still outstanding, and admittedly due

**110**

and owing. The promissory notes in question were transferred by the general partner of the Debtor first to North American Associates, Inc. (North American), apparently for no consideration. North American in turn sold the notes in question to Rothschild Registries, Inc. (Rothschild), again for no consideration. It is alleged by the Debtor that North American and Rothschild are related entities controlled by Barry Trupin, another Defendant who was at one time the general partner of the Debtor.

It is further without dispute the notes were subsequently sold to IMC, and ultimately transferred to MONY. It appears that the Bank acted only as an agent for MONY and has never owned the notes. IMC paid $11,000,000.00 for the notes which at that time had a face value of $11,500,000.00.

It is the Debtor's contention, based on the foregoing, that the transactions were made with inadequate consideration and with the intent to delay and hinder or defraud creditors against all transferees, therefore, all the transfers are voidable under § 544(b) of the Bankruptcy Code. There is no real dispute that neither the Bank, IMC nor MONY were initial transferees of the notes within the meaning of 11 U.S.C. § 550(a)(1). In opposition, it is the contention of the Bank, IMC and MONY that there were no immediate transferees of the notes within the meaning of that term defined by § 550(a)(1), therefore, their interest in the note is immune from any attack by the Debtor. This Section provides:

§ 550. Liability of transferee of avoided transfer

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b) or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or. . . .

Therefore, in order to recover the notes or their value, the law requires that the Debtor proves that the Defendants did not take the notes for value or in good faith or took the notes with knowledge of the voidability of the transfer. *Holt v. FDIC, (In re Instrument Sales and Services, Inc.)*, 99 B.R. 742 (Bankr.W.D.Tex.1987); *De Rochfort Co. v. Sunshine State Bank*, 22 B.R. 826, 827 (Bankr.S.D.Fla.1982). Even if an initial transfer is voidable, a subsequent transfer to a third party who gives substantial consideration will not be set aside.

The undisputed evidence establishes that the Defendants paid substantial consideration in exchange for the notes. IMC paid slightly less than 96% of the face amount of the note and MONY paid in excess of 98% of their face value. Similarly, there is no evidence supporting the Debtor's claim that the Defendants had knowledge of the voidability of the transfer or that the Defendants acted in bad faith. There are no indicia of fraud, collusion or knowledge on the part of the Defendants. In fact, the Debtor has failed to adduce any evidence that the Defendants knew anything about the prior transfers of the notes.

In light of the foregoing, it is clear that there is no evidence before the Court supporting the essential elements of the Debtor's claim against the Defendants and there is substantial evidence to the contrary. Therefore, summary judgment is appropriate. *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

This Court is satisfied that there are no genuine issues of material fact and that the Movants are entitled to judgment as a matter of law dismissing this adversarial proceeding. Therefore, it is appropriate to enter final judgment in favor of the Movants.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Bank of New York, Intercontinental Monetary Corporation and Mutual of New York be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that final summary judgment shall be entered dismissing the Complaint with prejudice as to the Bank of New York, Intercontinental Monetary Corporation and Mutual of New York.

A separate Final Judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED.