In re MEDICAL COST MANAGEMENT, INC., Debtor.

Richard BELFORD, Trustee, Plaintiff,

v.

Robert W. BRECK, Edward J. Fennell, and Joseph S. Dey, III, Defendants.

Bankruptcy No. 5–88–00994.
Adv. No. 5–88–0151.

United States Bankruptcy Court, D. Connecticut.

June 21, 1990.

Kenneth E. Lenz, Dice, Maloney & Carvalko, P.C., Cheshire, Conn., for plaintiff.

William B. Barnes, Rosenstein & Barnes, Fairfield, Conn., for Joseph S. Dey, III.

## MEMORANDUM AND DECISION ON COMPLAINT TO RECOVER PREFERENTIAL TRANSFER

ALAN H.W. SHIFF, Bankruptcy Judge.

### I.

On an unspecified date in 1987 the debtor terminated the employment of the defendant Robert W. Breck as a sales agent. Breck subsequently retained the law firm of Kapusta, Otzel & Dey ("KOD") to represent him in an action against the debtor to recover unpaid wages. The defendant Joseph S. Dey, III is a member of that firm. Breck and Attorney Kapusta agreed that KOD's fee would be paid on the basis of $75.00 per hour. On an unspecified date in late June or early July, 1988, after Breck's

action had been tried in state court but before the entry of judgment, Kapusta and Breck entered into an oral modification of that fee arrangement under which KOD would be paid only if it could collect on any judgment rendered in Breck's favor. On July 19, 1988, the state court entered a $17,090.64 judgment in Breck's favor. On October 19, 1988, KOD obtained a bank execution from the state court which the defendant Deputy Sheriff Edward J. Fennell served on CityTrust Bank on October 20, thereby garnishing the debtor's bank account in the amount of $7,107.38. Fennell deducted his statutory fee and transferred the $6,680.94 balance to KOD by a check made payable to Dey, who deposited it in KOD's trustee account. Pursuant to the fee agreement, as modified, KOD deducted attorney's fees of $3,912.00, representing approximately fifty hours incurred in the state court action. The $2,783.38 balance was then given to Breck.

On November 10, 1988, the debtor filed a petition under chapter 11, and on December 5, 1988, commenced the instant adversary proceeding under Code § 547(b). On April 6, 1989, the debtor converted the case to chapter 7, and on September 1, 1989, the plaintiff filed an amended complaint substituting himself for the debtor and adding Dey and Fennell as defendants. The plaintiff now seeks to recover $3,912.00 from Dey alone.[1]

The plaintiff contends that the debtor was insolvent at the time its funds were garnished and that Dey received more as a result of the garnishment than he will receive in this liquidation.[2] Dey, on the other hand, argues that the debtor was solvent at the time its bank account was garnished and moreover that KOD had a contingent fee arrangement with Breck which gave rise to an "equitable attorney's charging lien" on the garnished fund.[3] The plaintiff challenges Dey's lien theory.

## II.

If the debtor was solvent at the time of the garnishment, the trustee cannot prevail. 11 U.S.C. § 547(b)(3). That is also the result if KOD had a lien on the proceeds of the state court judgment. *See Matter of Prescott*, 805 F.2d 719, 726 (7th Cir.1986) ("[T]he trustee generally must establish that the preferred party's claim is not fully secured. The payment of a secured claim ordinarily does not allow a creditor to receive more than it would receive in a Chapter 7 distribution."); *Wilson v. First Nat'l Bank (Matter of Missionary Baptist Found. of Am., Inc.)*, 796 F.2d 752, 759 (5th Cir.1986) ("It is a commonplace that preference law exempts fully secured creditors from its grasp."). However, I need not decide whether either of those facts were proven. Assuming that the debtor was insolvent at the time of the

---

**1.** The plaintiff's claims against the defendants Robert W. Breck and Edward J. Fennell have been settled, leaving Dey as the sole defendant. The evidence, however, has disclosed that Dey deposited the garnished fund less sheriff Fennell's fee into KOD's trustee account and that the fund less Breck's share is now held by KOD.

**2.** Code § 547(b) provides:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
(A) on or within 90 days before the date of the filing of the petition; or
(B) between ninety days and one year before the date of the filing of the petition, if

such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if—
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

**3.** A charging lien is "a lien placed upon any money recovery or fund due the client at the conclusion of suit." *Marsh, Day & Calhoun v. Solomon*, 204 Conn. 639, 643, 529 A.2d 702 (1987). *See also In re Knudsen Bros. Dairy, Inc.*, 24 B.R. 418, 420–21 (Bankr.D.Conn.1982) (in certain circumstances "by Connecticut Common law, an equitable attorney's lien attaches to the [judgment or] settlement proceeds which relates back to the fee agreement. ... Such a lien survives bankruptcy.").

transfer, that KOD did not have a lien, and even that the transfer was preferential, the trustee has failed to offer any evidence which would support a recovery against Dey.

Code § 550 provides in part:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section ... 547 ... of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

(b) The trustee may not recover under section (a)(2) of this section from—

(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided ....

The legislative history of § 550 states that the section "prescribes the liability of a transferee of an avoided transfer, and enunciates the separation between the concepts of avoiding a transfer and recovering from the transferee." S.Rep. No. 989, 95th Cong., 2d Sess. 90 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 375 (1977), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5876, 6331. Thus, if it is established that a transfer is avoidable under § 547(b), "the Court must consider the remedy available to a trustee, and for this the Court must look to § 550 of the Bankruptcy Code." *Holt v. FDIC (In re Instrument Sales & Serv., Inc.)*, 99 B.R. 742, 744 (Bankr.W.D. Tex.1987).

■ Here, money which was garnished to satisfy a judgment debt owed to Breck was routed from the debtor's bank account to Sheriff Fennell, who deducted his fee, to Attorney Dey, who deducted his fee, and then to Breck. Each deduction was a transfer as that word is defined by § 101(50) (" 'transfer' means every mode ... of disposing of ... an interest in property ...."). Dey was not an "initial trans-

feree" within the meaning of § 550(a)(1). An initial transferee must have the right to control the transferred funds, rather than merely be a conduit for the entity who has that right. *Nordberg v. Societe Generale (In re Chase & Sanborn Corp.)*, 848 F.2d 1196, 1200 (11th Cir.1988); *Huffman v. Commerce Sec. Corp. v. Brandon (In re Harbour)*, 845 F.2d 1254, 1256–58 (4th Cir. 1988) ("[T]he initial recipient of funds from a debtor may not always be an 'initial transferee' within the meaning of 11 U.S.C. § 550(a)(1)."); *Bonded Fin. Serv., Inc. v. European Am. Bank*, 838 F.2d 890, 893 (7th Cir.1988) ("[T]he minimum requirement of status as a 'transferee' is dominion over the money or other asset, the right to put the money to one's own purposes."); *Gropper v. Unitrac, S.A. (In re Fabric Buys of Jericho, Inc.)*, 33 B.R. 334, 336–37 (Bankr.S.D.N.Y.1983).

The Supreme Court has held that "[p]roperty interests are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). In *Erickson v. Foote*, 112 Conn. 662, 666, 153 A. 853 (1931), the Connecticut Supreme Court, discussing judgments and the status of attorney's fees, held that "[t]he party and not the attorney is the *dominus litis;* the attorney is not a party to the cause and has no right to carry execution upon a judgment into effect or take other proceedings against the orders or will of his client, even to obtain or realize upon a lien for his fees or disbursements." Thus, under Connecticut law, the judgment debt was owed to Breck alone, not Dey or KOD. Moreover, the plaintiff has admitted that "[t]he attorney and the sheriff were merely [Breck's] agents for collection of the judgment." *Plaintiff's Statement of Claims* ¶ 9, at 3.

■ I conclude that KOD's retention of its fee was merely an accounting device and did not establish Dey as an "initial transferee" from whom the plaintiff could recover under § 550(a)(1). *See Bonded Fin. Serv., Inc., supra*, 838 F.2d at 893 ("When A gives a check to B as agent for C, then C is the 'initial transferee'; the agent may be disregarded."). In discussing such a retention of funds by an agent the court in *Salomon v. Nedlloyd, Inc. v.*

*Universal Trading Corp. (In re Black & Geddes, Inc.),* 59 B.R. 873, 874 n. 2 (Bankr. S.D.N.Y.1986), stated:

> [The agent's] retention of its commission out of the funds does not leave it vulnerable to a preference attack for that amount. [The debtor] did not owe this fee to [the agent] and the fee was due solely from [the principal]. [The principal] could have required [the agent] to turn over the entire freight amount to it and then issued its own check to [the agent]. Instead, it simplified the transaction by allowing an offset.

*See also Duvoisin v. Kennerly, Montgomery, Howard & Finley (In re Southern Industr. Banking Corp.),* 99 B.R. 827, 839 (Bankr.E.D.Tenn.1989). It therefore appears that Dey was either a mediate or an immediate transferee within the meaning of § 550(a)(2).

In order to recover from Dey as a mediate or immediate transferee, the plaintiff has the burden of proving that Dey did not take the transfer for value and in good faith, and that he had knowledge of the voidability of the transfer. *See* § 550(b)(1); *Sarasota Plaza Assoc. Ltd. Partnership v. Trupin (In re Sarasota Plaza Assoc. Ltd. Partnership),* 105 B.R. 109, 110 (Bankr.M. D.Fla.1989); *In re Instrument Sales & Serv., Inc., supra,* 99 B.R. at 746; *DeRochfort Co. Ltd. v. Sunshine State Bank (In re DeRochfort Co. Ltd.),* 22 B.R. 826, 827 (Bankr.S.D.Fla.1982). The plaintiff has not offered a scintilla of evidence to satisfy that burden and appears to have completely ignored the § 550 issue. Dey, on the other hand, presented testimony that KOD did not know that the debtor planned to file a petition and that the transfer to KOD was for value, *i.e.,* that it was fair compensation for hours of legal services actually performed.

### III.

For the foregoing reasons, IT IS ORDERED that judgment enter in favor of Dey.