In re **LIFECARE TECHNOLOGIES, INC. d/b/a Aimcare; Clinical Information Solutions; Lifeserv; Peritronics; Signet, Debtor.**

**Lifecare Technologies, Inc., Plaintiff,**

v.

**Berman Law Firm, P.A., Ron Bradley, and Innovative Direction, Inc., Defendants.**

**Bankruptcy No. 01–19477–8G1. Adversary No. 02–721.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 10, 2003.

Jay B. Verona, Verona Law Group, P.A., St. Petersburg, FL, for Plaintiff.

Craig L. Berman, Berman Law Firm, P.A., St. Petersburg, FL, for Defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT OF DEFENDANT BERMAN LAW FIRM, P.A.

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court for hearing to consider the Motion for Summary Judgment filed by the Defendant, Berman Law Firm, P.A.

The Plaintiff, Lifecare Technologies, Inc., commenced this adversary proceeding by filing a Complaint for Avoidance of Preferential Transfer against the Defendants, Berman Law Firm, P.A. (Berman), Innovative Direction, Inc. (Innovative), and

Ron Bradley (Bradley). The Defendants filed a written Answer to the Complaint and asserted various affirmative defenses to the Plaintiff's claims.

Berman subsequently filed a Motion for Summary Judgment. Essentially, Berman contends that the Plaintiff is not entitled to any recovery from the law firm under § 550 of the Bankruptcy Code, because (1) Berman was not a creditor or initial transferee of the Plaintiff within the meaning of § 550(a)(1), and also because (2) Berman was a good faith transferee for value, without knowledge of the voidability of the transfer, within the meaning of § 550(b) of the Bankruptcy Code.

Berman contends that there is no genuine issue as to any material fact in this case, and that it is entitled to a judgment in its favor as a matter of law.

### Background

In his Declaration filed in support of Berman's Motion for Summary Judgment, Craig L. Berman states as follows:

1. Craig L. Berman is an attorney licensed to practice law in the state of Florida, and is also the sole shareholder of Berman Law Firm, P.A. (¶¶ 2, 3).

2. Prior to the filing of the Plaintiff's bankruptcy petition, Bradley, as the president and sole shareholder of Innovative, had performed services for the Plaintiff as an independent sales representative. (¶ 4).

3. Also prior to the petition, Berman represented Bradley and Innovative in an action to collect unpaid sales commissions. (¶ 4). According to the agreement between Berman, Bradley, and Innovative, Berman was to receive attorney's fees in the amount of 20 percent of any sums recovered from the Plaintiff. A state court action was filed in 1999. (¶ 5).

4. The state court action against the Plaintiff was settled in December of 2000. (¶ 5). The settlement provided for the Plaintiff to make an initial payment in the amount of $10,000, followed by subsequent installment payments in the amount of $5,000 per month until the total sum of $60,000 was paid. (¶ 6).

5. Pursuant to the settlement, the Plaintiff issued periodic checks made payable to the "Berman Law Firm, P.A. Trust Account." (¶ 6). Upon receipt of the checks, Berman disbursed 80 percent of the proceeds to Innovative, and 20 percent of the proceeds to Berman's operating account in accordance with Berman's fee agreement with Innovative and Bradley. (¶ 6).

The Plaintiff filed its petition under chapter 11 of the Bankruptcy Code on October 18, 2001. The Plaintiff asserts in its Complaint that it issued two checks to the Defendants within the ninety-day period prior to the filing. Specifically, the Plaintiff claims that it transferred two checks in the amount of $5,000 each to the Defendants within the preference period, for a total transfer in the amount of $10,000.

Berman acknowledges that it "received $2,000 in contingency fees derived from the payments made to the trust account of BERMAN LAW FIRM, P.A. within the 90 days before bankruptcy." (Declaration of Craig L. Berman, ¶ 9).

### Discussion

Section 547(b) of the Bankruptcy Code provides that a trustee may avoid any transfer of an interest of the debtor in property that (1) was to or for the benefit of a creditor; (2) was for or on account of an antecedent debt; (3) was made while the debtor was insolvent; (4) was made within 90 days before the filing of the petition; and that (5) enabled the creditor to receive more than it would have received if the case were a case under chapter 7. 11 U.S.C. § 547(b).

Section 550 of the Bankruptcy Code provides in part:

**11 U.S.C. § 550. Liability of transferee of avoided transfer**

■ (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

(b) The trustee may not recover under section (a)(2) of this section from—

(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or

(2) any immediate or mediate good faith transferee of such transferee.

"The particular theory under which a transfer has been avoided is, for all intents and purposes, irrelevant to the liability of the transferee from whom the trustee seeks to recover the property.... Section 550 of the Code enumerates those entities from whom recovery can be had. Section 550(a) specifies that the trustee may recover a fraudulent transfer of the debtor's property from (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made, or (2) any immediate or mediate transferee of such initial transferee.... Section 550(a), however, is tempered by Section 550(b), which places limits on the trustee's ability to recover from subsequent transferees under subsection 550(a)(2). A trustee may not recover an avoidable transfer from a transferee, other than the initial one, if that transferee takes for value, in good faith, and without knowledge of the voidability of the transfer sought to be avoided." *In re Hooker Investments, Inc.,* 155 B.R. 332, 337 (Bankr.S.D.N.Y.1993).

In this case, it appears undisputed that the Plaintiff made two payments totaling $10,000 within the 90-day period prior to the filing of its chapter 11 petition, that the checks were made payable to the Berman Law Firm P.A. Trust Account, and that Berman initially deposited the payments into its trust account. Berman is not a creditor of the Plaintiff, but is instead an attorney for a creditor of the Plaintiff. Berman subsequently transferred a portion of the payments from the trust account to its client, and transferred the balance of the payments to its operating account in satisfaction of the fees owed to Berman by its client.

These facts appear in the record by virtue of the Declaration of Craig L. Berman. The Plaintiff did not file an opposing affidavit or any other paper to contravene the statements in the Declaration.

The Motion for Summary Judgment that is currently under consideration was filed only by Berman, and not by the other Defendants named in this adversary proceeding. Consequently, the threshold issue at this time is whether Berman is an "initial transferee" of the payments, so that the Plaintiff may recover the payments from Berman under § 550(a)(1) of the Bankruptcy Code, or whether Berman is an "immediate or mediate transferee" of the payments, under § 550(a)(2) of the Bankruptcy Code. If the Court determines that Berman is not an initial transferee, but is instead an "immediate or mediate transferee," the secondary issue is whether Berman took the payments for value in good faith and without knowledge of the voidability of the transfer. If Berman is a

good faith subsequent transferee for value, no recovery is permitted from Berman by the Plaintiff pursuant to § 550(b) of the Bankruptcy Code.

■ The facts presented to the Court in *In re Medical Cost Management, Inc.*, 115 B.R. 406 (Bankr.D.Conn.1990) are similar to the facts presented in this case. In *Medical Cost Management*, a former sales agent for the debtor obtained a judgment against the debtor for unpaid wages, and the employee's attorney initially deposited the proceeds of the judgment into his trust account. The attorney thereafter deducted his fee from the amount in the trust account, and transferred the balance to his client. The debtor later filed a bankruptcy petition, and the chapter 7 trustee sought to recover the amount paid to the attorney as a voidable transfer. *In re Medical Cost Management, Inc.*, 115 B.R. at 406–07.

The Court determined that the attorney was not the "initial transferee" within the meaning of § 550(a)(1), because he did not have the right to control the funds when they were deposited into the trust account. *Id.* at 408. On the contrary, the Court found that the attorney was only a collection agent for the employee, and that the retention of his legal fees was only an "accounting device" that did not transform the attorney into an initial transferee. *Id.*

The Court further determined that the trustee could not recover from the attorney as a mediate or immediate transferee, since the attorney received the funds for value and in good faith. The record reflected, for example, that the attorney did not know that the debtor intended to file a bankruptcy petition, and that the payment to the attorney represented fair compensation for hours of legal service actually performed. *Id.* at 409. Consequently, the Court concluded that the trustee was not entitled to any recovery from the attorney under § 550 of the Bankruptcy Code.

When deciding whether a trustee is entitled to recover a transfer pursuant to § 550(a)(1) and § 550(a)(2) of the Bankruptcy Code, other cases follow the same principles set forth in *Medical Cost Management*. See, for example, *In re Ogden*, 314 F.3d 1190 (10th Cir.2002)(entities are financial conduits, rather than "transferees," where they do not exercise dominion and control over the funds transferred); *In re Coutee*, 984 F.2d 138, 141 (5th Cir. 1993)("a party that receives a transfer directly from the debtor will not be considered the initial transferee unless that party gains actual dominion or control over the funds."); and *In re Toy King Distributors, Inc.*, 256 B.R. 1, 143–153 (Bankr. M.D.Fla.2000).

In this case, the Court finds that Berman was not the "initial transferee" of the payments made by the Plaintiff. The Declaration of Craig L. Berman establishes that Berman was not a creditor of the Plaintiff, but was instead simply the attorney who represented the Plaintiff's creditors in litigation against the Plaintiff. The checks were written by the Plaintiff to satisfy a debt owed to the creditors, not to Berman, and were specifically made payable to Berman's trust account. (Declaration, ¶ 6). The trust account was maintained separately from Berman's general operating account. Berman thereafter distributed the funds from the trust account to the Plaintiff's creditors (Berman's clients), and also to Berman's operating account in satisfaction of the fees owed by the Plaintiff's creditors to Berman as legal fees.

Under these circumstances, the Court finds that Berman did not exercise dominion and control over the funds transferred by the Plaintiff to Berman's trust account. Berman was obligated to disburse the funds in accordance with the instructions

from its clients, and had no discretion regarding how the money could be spent. The money was paid by the Plaintiff for the benefit of Berman's clients, not for Berman's benefit. Berman was not the "initial transferee" within the meaning of § 550(a)(1) of the Bankruptcy Code, and is therefore not subject to strict liability for the allegedly avoidable transfer.

■ Additionally, the Court finds that the Plaintiff is not entitled to any recovery against Berman as a mediate or immediate transferee under § 550(a)(2) of the Bankruptcy Code. In his Declaration, Craig L. Berman states that the action against the Plaintiff was settled in December of 2000, more than nine months before the Plaintiff's chapter 11 petition was filed. Craig L. Berman also states:

8. My firm and I had no knowledge of Plaintiff's insolvency or intent to file bankruptcy when it disbursed the $10,000 which is the subject of this action.

9. Defendant BERMAN LAW FIRM, P.A. received $2,000 in contingency fees derived from the payments made to the trust account of BERMAN LAW FIRM, P.A. within the 90 days before Bankruptcy and *such fees were received for pre-petition legal services rendered to RON BRADLEY and INNOVATIVE DIRECTION, INC., in good faith, and without knowledge of the alleged voidability of the payments.*

(Emphasis supplied). The statements made by Craig L. Berman in the Declaration were not contravened by the Plaintiff, either by an opposing affidavit or otherwise, and nothing in the record indicates that Berman had any information or reason to know of the Plaintiff's imminent chapter 11 case.

To the extent that Berman was a mediate or subsequent transferee of the funds, therefore, the Court finds that Berman received the payment for value, in good faith, and without knowledge of the voidability of the transfer. Consequently, the Plaintiff is not entitled to any recovery from Berman under § 550(a)(2) of the Bankruptcy Code.

**Conclusion**

Berman's Motion for Summary Judgment should be granted. The Plaintiff is not entitled to any recovery from Berman under § 550(a)(1) of the Bankruptcy Code, because Berman did not have dominion or control over the funds transferred to its trust account, and therefore was not an "initial transferee" within the meaning of the statute. Further, the Plaintiff is not entitled to any recovery from Berman as a mediate or subsequent transferee under § 550(a)(2) of the Bankruptcy Code, because Berman was a transferee for value, in good faith, and without knowledge of the voidability of the transfers.

Accordingly:

**IT IS ORDERED** that:

1. The Motion for Summary Judgment filed by the Defendant, Berman Law Firm, P.A., is granted.

2. A separate Final Summary Judgment will be entered in favor of the Defendant, Berman Law Firm, P.A., and against the Plaintiff, Lifecare Technologies, Inc.