**In re APPALACHIAN FINISHING WORKS, Debtor.**

**Ann Mostoller, Trustee, Plaintiff,**

v.

**Pearson Leasing & Financial Corporation, First National Bank & Trust Company, Bank First, Valley Bank, Union Planters Bank, Defendants.**

Bankruptcy No. 97–32177.
Adversary No. 99–3126.

United States Bankruptcy Court,
E.D. Tennessee,
Winchester Division.

Jan. 25, 2000.

indicates that the filing fee was actually paid on December 7, 1999.

Edward J. Shultz, Hagood, Tarpy & Cox, PLLC, Knoxville, TN, for plaintiff.

Thomas H. Dickenson, Lisa J. Hall, Hodges, Doughty & Carson, Knoxville, Tennessee, for defendant, Pearson Leasing & Financial Corporation.

H. Chris Trew, Higgins, Biddle, Chester & Trew, Athens, TN, for defendant, First National Bank and Trust Company.

Wilson S. Ritchie, Walter B. Johnson, II, Ritchie & Johnson, Knoxville, TN, for defendant, BankFirst.

Cheryl E. Light, Lewis, King, Krieg, Waldrop & Catron, Knoxville, TN, for defendant, First American National Bank, Successor in Interest to Valley Bank.

James C. Wright, Butler, Vines & Babb, PLLC, Knoxville, TN, for defendant, Union Planters Bank.

## MEMORANDUM ON PEARSON LEASING & FINANCIAL CORPORATION'S MOTION FOR SUMMARY JUDGMENT

RICHARD S. STAIR, Jr., Chief Judge.

This adversary proceeding was commenced by the Plaintiff Chapter 7 Trustee's filing of a Complaint on July 19, 1999, seeking to avoid and recover pursuant to 11 U.S.C.A. §§ 547(b) and 550(a) (West 1993) alleged preferential transfers made to or for the benefit of the Defendants.[1] Before the court is a Motion for Summary Judgment filed by the Defendant Pearson Leasing & Financial Corporation (Pearson Leasing) on September 2, 1999. Pearson Leasing grounds its request for summary judgment on its contention that the Trustee will not be entitled to recover any avoided transfer from it because it was a mere conduit and not an initial transferee of the alleged preferential transfers. The record before the court consists of the Affidavit of Tim Pearson, President of Pearson Leasing, filed by Pearson Leasing with its Motion for Summary Judgment on

---

1. Union Planters Bank was dismissed as a party Defendant at the Plaintiff's request pursuant to the Pretrial Order entered on December 14, 1999.

September 2, 1999, and copies of four equipment leases and assignments attached to the Response and Memorandum in Opposition to Summary Judgment filed by the Plaintiff on December 1, 1999.[2]

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(F) (West 1993).

### I

Pursuant to FED.R.CIV.P. 56(c), summary judgment is appropriate when " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Canderm Pharmacal, Ltd. v. Elder Pharm., Inc.,* 862 F.2d 597, 601 (6th Cir.1988) (quoting FED.R.CIV.P. 56(c)). The moving party may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *See id.* at 2553. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the trial court that there is an absence of evidence in support of the non-moving party's case. *See id.* at 2554 (emphasis in original).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *SeeMatsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *See id.* at 2513. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *See id.* at 2512.

### II

Resolution of Pearson Leasing's Motion for Summary Judgment is not dependent on the court's prior resolution of the Plaintiff's preference action under § 547(b). Rather, the issue is whether the Plaintiff, assuming her success in avoiding the disputed transfers, could, as a matter of law, recover the avoided transfers from Pearson Leasing as "the initial transferee of such transfer[s] or the entity for whose benefit such transfer[s] [were] made." 11 U.S.C.A. § 550(a)(1).

### III

The Debtor leased various items of equipment from Pearson Leasing under the terms of three Master Lease Agree-

---

2. The leases and assignments, three of which are material to the pending summary judgment motion, are not properly authenticated. Pursuant to FED.R.CIV.P. 56(c), incorporated into this adversary proceeding by FED. R.BANKR.P. 7056, documents such as these, if they are not part of the "pleadings, depositions, answers to interrogatories, and admissions on file," can enter the record only as attachments to an appropriate affidavit to constitute a basis for summary judgment. *See* FED.R.CIV.P. 56(e) ("Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."). However, because Pearson Leasing has not objected to the Plaintiff's failure to comply with Rule 56(e), the court will consider the leases and assignments. *See Investors Credit Corp. v. Batie (In re Batie),* 995 F.2d 85, 89 (6th Cir.1993) (Debtor who failed to object to the manner in which financial statements were entered into the record in support of adverse party's motion for summary judgment waived his objection that the documents were not filed in compliance with Rule 56(e)).

ments dated December 4, 1995, March 4, 1996, and January 7, 1997. Each Master Lease Agreement provided for a thirty-six month lease term, required the Debtor to make monthly rental payments of $707.50, $1,954.25, and $10,108.19, respectively, and contained a provision that

> This Lease, title to the Equipment and/or any rents or other sums due or to become due hereunder may be transferred or assigned by [Pearson Leasing] without prior notice to or the consent of [the Debtor] and in such event [Pearson Leasing's] transferee or assignee shall have all the rights, privileges and remedies of [Pearson Leasing] under this Lease.

On or about the same day each Master Lease Agreement was executed, Pearson Leasing also executed a written Assignment of Lease by which it sold and assigned its interest under the respective Master Lease Agreements as follows: The December 4, 1995 Master Lease Agreement was assigned to Valley Bank;[3] the March 4, 1996 Master Lease Agreement was assigned to BankFirst; and the January 7, 1997 Master Lease Agreement was assigned to First National Bank and Trust Company. Each Assignment of Lease is identical and recites in material part that the assignor, Pearson Leasing, assigns to the respective assignee, "its entire right, title and interest in and to that certain [Master] Lease Agreement ... entered into by and between [Pearson Leasing] and [the Debtor] ... together with [Pearson Leasing's] right to receive all rent and other monies thereunder...."

Subsequent to the execution of each Assignment of Lease, Pearson Leasing served as the collection and processing agent for the holders of the Master Lease Agreements, Valley Bank, BankFirst, and First National Bank and Trust Company. Tim Pearson states in his Affidavit that under Pearson Leasing's agreements with these Defendants, Pearson Leasing was responsible for collecting the monthly rental payments from the Debtor, for forwarding these payments to the respective Defendants, and for paying applicable taxes to the Tennessee Department of Revenue and that Pearson Leasing did not have the right to put the Debtor's monthly rental payment funds to its own use.

On March 20, 1997, and on May 13, 1997, the Debtor, by check, made payments of $10,108.19 each to Pearson Leasing in satisfaction of two monthly rental payments under the January 7, 1997 Master Lease Agreement assigned to First National Bank and Trust Company. On March 20, 1997, and May 13, 1997, the day it received each payment from the Debtor, Pearson Leasing, by its check, remitted the entire amount of each rental payment to First National Bank and Trust Company.

On April 9, 1997, the Debtor, by check, made a payment of $3,646.86 to Pearson Leasing in satisfaction of monthly rental payments of $707.57 due under the December 4, 1995 Master Lease Agreement assigned to Valley Bank, $1,954.25 due under the March 4, 1996 Master Lease Agreement assigned to BankFirst, $909.96 due under the June 25, 1992 Master Lease Agreement assigned to Union Planters Bank,[4] and a $75.08 tax obligation owing the Tennessee Department of Revenue. On April 9, 1997, the day it received the $3,646.86 payment from the Debtor, Pearson Leasing, by its checks, made payments of $707.57 to Valley Bank, $1,954.25 to BankFirst, $909.96 to Union Planters Bank, and $75.08 to the Tennessee Department of Revenue.

The Debtor commenced its bankruptcy case by the filing of a voluntary petition under Chapter 11 on May 23, 1997. The Chapter 11 case was converted to Chapter

---

3. First American National Bank is the successor in interest to Valley Bank. The Plaintiff has not, however, substituted First American National Bank as the proper party Defendant.

4. *See supra* note 1, at 772.

7 on July 22, 1998, upon motion of the Debtor.

## IV

The Plaintiff contends that she is entitled to avoid the March 20, 1997, and May 13, 1997 payments of $10,108.19 and the April 9, 1997 payment of $3,646.86 as preferential transfers and that she is entitled to recover the avoided transfers from Pearson Leasing pursuant to 11 U.S.C.A. § 550(a)(1). Pearson Leasing argues that it had no dominion or control over the lease payments transferred to it; that it was not the initial transferee of such transfers; and that it is therefore entitled to a summary judgment dismissing the Plaintiff's action.

## V

■ Pursuant to 11 U.S.C.A. § 550(a)(1), a transfer of property that has been avoided by the trustee under 11 U.S.C.A. § 547(b) as a preference may be recovered from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." The Sixth Circuit has held that "[a]n initial transferee is one who receives money from a person or entity later in bankruptcy, and has dominion over the funds." *First Nat'l Bank of Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 974 F.2d 712, 722 (6th Cir.1992). The Second, Fourth, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuit Courts of Appeal have also established a "dominion" or "control" test in determining whether a party is an "initial transferee" under § 550(a)(1). *See Christy v. Alexander & Alexander of New York, Inc. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*, 130 F.3d 52 (2d Cir.1997); *Malloy v. Citizens Bank of Sapulpa (In re First Sec. Mortg. Co.)*, 33 F.3d 42 (10th Cir. 1994); *Security First Nat'l Bank v. Brunson (In re Coutee)*, 984 F.2d 138 (5th Cir. 1993); *Danning v. Miller (In re Bullion Reserve of N. Am.)*, 922 F.2d 544 (9th Cir.1991); *Lowry v. Security Pac. Bus.*

*Credit, Inc. (In re Columbia Data Prods., Inc.)*, 892 F.2d 26 (4th Cir.1989); *Nordberg v. Societe Generale (In re Chase & Sanborn Corp.)*, 848 F.2d 1196 (11th Cir.1988); *Bonded Fin. Servs., Inc. v. European Am. Bank*, 838 F.2d 890 (7th Cir.1988).

■ A defendant does not become a mere conduit by assigning to another its right to payment from the debtor. *See Columbia Data Prods., Inc.*, 892 F.2d at 28–9; *Erie Marine Enters., Inc. v. Nationsbank, N.A. (In re Erie Marine Enters., Inc.)*, 216 B.R. 529, 536 (Bankr.W.D.Pa. 1998). In *Erie Marine Enterprises, Inc.*, the court determined that an assignor was an initial transferee. *See Erie Marine Enters., Inc.*, 216 B.R. at 536. The assignor had received its payment from the debtor and then paid the funds to the assignee. *See id.* Rejecting the assignor's argument that it had become a mere conduit, the court explained that the funds were not earmarked for the assignee and that the business relationship ran between the debtor and the assignor rather than between the debtor and the assignee. *See id.* The court stated:

> When [the assignor] received the funds, it had complete dominion and control over the monies and the Debtor retained no interest or control. [The assignor] was free to elect how to use the funds. [It] elected to honor its agreement with the [assignee].

*Id.*

■ Here, the court cannot find that Pearson Leasing was a mere conduit because it was the party who had a direct business relationship with the Debtor. Although each Master Lease Agreement provides for its potential assignment by Pearson Leasing, nothing in the record presently before the court evidences that the Debtor participated in, or was even aware of, the assignments to Valley Bank, First National Bank and Trust Company, and BankFirst. The Debtor's monthly rental obligation under each Master Lease Agreement was to Pearson Leasing.

"When a creditor receives money from its debtor to pay a debt, the creditor is not a mere conduit." *Columbia Data Prods., Inc.,* 892 F.2d at 28.

Pearson Leasing contends that it did not exercise dominion and control over the disputed payments and thus cannot be an initial transferee. The court disagrees. As between the Debtor and Pearson Leasing, Pearson Leasing exercised complete dominion and control over the monthly rental payments received pursuant to the three Master Lease Agreements and could do as it pleased with the proceeds from these payments. The fact that Pearson Leasing by each Assignment of Lease assigned its right to receive the rent to Valley Bank, First National Bank and Trust Company, and BankFirst, is of no consequence. Pearson Leasing's obligations to these Defendants arose under agreements independent of the three Master Lease Agreements executed with the Debtor. Nothing in the record evidences that the Debtor had been instructed to make the monthly rental payments to the Defendant assignees of Pearson Leasing's interest in the Master Lease Agreements nor did the Debtor earmark the lease payments for the respective assignees. Once the payments were made to Pearson Leasing, the Debtor had fulfilled its obligations under each Master Lease Agreement.

Alternatively, Pearson Leasing contends that the Plaintiff's Complaint should be dismissed as it participated in all disputed transactions in good faith and without knowledge of the Debtor's impending bankruptcy. This argument is merely an extension of the "mere conduit" argument previously advanced by Pearson Leasing which the court has determined has no application.

For the reasons stated herein, Pearson Leasing's Motion for Summary Judgment will be denied.